THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE HUGHES, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of first degree robbery and third degree criminal possession of a weapon, defendant argues that he was denied effective assistance of counsel, that the prosecutor's cross-examination of alibi witnesses and summation deprived him of a fair trial and that his sentence is harsh and excessive. Each of these claims lacks merit. Counsel's failure to request a *Wade* hearing does not, by itself, constitute ineffective assistance *(see, People v Rivera,* 71 NY2d 705, 709; *People v Torrence,* 135 AD2d 1075, 1076; *People v Brown,* 122 AD2d 546), particularly where, as here, there was no indication that the identification was the product of impermissibly suggestive procedures. Counsel's reference to defendant's "mug shot" may have been ill-advised but the court's cautionary instruction not to consider defendant's criminal record sufficiently mitigated whatever prejudice the reference may have created. Thus, on this record, it is evident that defendant received meaningful representation *(see, People v Baldi,* 54 NY2d 137, 147). Defendant's claims of prosecutorial misconduct were, for the most part, not preserved for review and lack merit in any event because the prosecutor's remarks in summation were fair comment and his cross-examination of defendant's alibi witnesses was proper impeachment. Defendant's sentence was less than the maximum and clearly justified given the violent nature of the crimes for which he was convicted. (Appeal from judgment of Supreme Court, Erie County, Flynn, J.—robbery, first degree, and another charge.) Present—Denman, J. P., Green, Pine, Balio and Davis, JJ.