■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD KIRTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Corriero, J.), rendered January 21, 1987, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress the complainant's in-court identification of the defendant.

Ordered that the judgment is affirmed.

We find that the complainant was properly allowed to make an in-court identification of the defendant, even though the conduct of the lineup had been found to be violative of the defendant's right to counsel, as there was an independent basis for such identification.

At the suppression hearing, the complainant testified that during the robbery, which occurred in a car at night, she observed the face of the defendant, who had entered the car, from a distance of only 1½ feet. The car was illuminated by a street light and nothing obstructed her view of the defendant's face. Thereafter, she observed the defendant for a few seconds outside of the car. The complainant had also previously seen the defendant in the neighborhood. Subsequently, she provided the police with an accurate description of the defendant and, within a few hours of the incident, positively identified his photograph at the police station.

We find that such evidence was sufficient to establish an independent basis for the in-court identification *(see, People v Dixon,* 158 AD2d 467; *People v Minota,* 137 AD2d 837; *People v Johnson,* 129 AD2d 739; *People v Muriell,* 128 AD2d 554;

*People v Adams,* 115 AD2d 542; *People v Smalls,* 112 AD2d 173; *People v Sorenson,* 112 AD2d 1016; *People v Washington,* 111 AD2d 418).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). Thompson, J. P., Brown, Kunzeman and Harwood, JJ., concur.