■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY BROWN, Appellant. [594 NYS2d 67] —Appeal by the defendant from a judgment of the County Court, Westchester County (Rosato, J.), rendered July 16, 1984, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that the presentation of a single photograph to the undercover police officer for the purpose of obtaining an identification was impermissibly suggestive. We agree, finding that under the circumstances of this case, the officer's viewing of the photograph was not merely "confirmatory" in nature *(see, People v Waring,* 183 AD2d 271). However, we agree with the hearing court that the undercover officer, who, on two separate occasions, had bought heroin from the defendant, had an independent source for identifying the defendant.

We also reject the defendant's claim that he was denied due

process of law as a result of the six-month delay between the time of the first undercover drug purchase and the resulting indictment *(see, People v Bryant,* 65 AD2d 333).

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.