■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID AQUINO, Appellant. [595 NYS2d 91] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered May 28, 1991, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the procedure employed by the prosecutor of having his witness identify an arrest photograph of the defendant, rather than make a corporeal identification of the defendant at the trial, denied him both his due process right to a fair identification procedure, and the opportunity to confront the witness against him. Since the defendant did not raise a proper objection to the identification procedure at the trial, this issue has not been preserved for appellate review *(see,* CPL 470.05 [2]; *People v Robinson,* 36 NY2d 224, *remittitur amended on other grounds* 37 NY2d 784; *People v Seabrooks,* 120 AD2d 691). In any event, although the photographic identification of the defendant was improper, the error was harmless in light of the overwhelming evidence of the defendant's guilt *(cf., People v Powell,* 105 AD2d 712, *affd* 67 NY2d 661).

Further, the defendant's sentence was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Rosenblatt, Eiber and Miller, JJ., concur.