■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HACIENTO MARTINEZ, Appellant. [602 NYS2d 219] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered February 20, 1990, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The charges arose out of an incident on April 1, 1987, at approximately 10:00 A.M., when police officers observed two men, Luis Rivera and the defendant, arguing on the sidewalk in front of 3053 Brighton Fifth Street, in Kings County. At approximately 10:15 A.M., an eyewitness observed Rivera and the defendant, both of whom he knew from the area, engaged in an argument across the street. After a few minutes of pushing and shoving, the eyewitness saw the defendant raise a gun to Rivera's head at point blank range. As the witness turned to run away, he heard two shots fired approximately two seconds apart. The medical examiner determined that Rivera's death resulted from two gunshot wounds to the head.

The defendant's contention that the People failed to prove his guilt by legally sufficient evidence is unpreserved for appellate review. In any event, viewing the evidence adduced at trial in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

Further, the defendant's claim that his in-court identification was improper has not been preserved for appellate review (see, CPL 470.05 [2]; People v Aquino, 191 AD2d 574). In any event, the identification of the defendant at the trial was not improper (see, People v Chipp, 75 NY2d 327, cert denied 498 US 833).

The defendant's contention that he was denied the effective assistance of trial counsel is without merit. Defense counsel made appropriate motions, effectively cross-examined the police officers and eyewitness who testified on behalf of the People, pursued a defense suggesting that the People's witnesses were incredible, and presented a lengthy closing argument. Under the totality of circumstances, it cannot be said that the defendant was denied his constitutional right to meaningful representation by counsel (see, People v Satterfield, 66 NY2d 796; People v Baldi, 54 NY2d 137).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either unpreserved for appellate review or without merit. Thompson, J. P., Miller, Santucci and Joy, JJ., concur.