■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMARVIN ROWAN, Appellant. [605 NYS2d 398] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Rohl, J.), rendered March 20, 1991, convicting him of criminal sale of a controlled substance in the third degree,

upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

At about 8:50 P.M. on June 1, 1990, in Riverhead, New York, the defendant sold a quantity of cocaine to Police Officers Wilson and Drake, who were working undercover for the East End Drug Task Force. Immediately after the purchase, Wilson contacted another undercover officer who was working in the area. He told Wilson that his informant thought that the defendant's name might be Marvin Rowling. On June 10, 1990, Wilson spoke to Town of Riverhead Police Officer Haley about Marvin Rowling. Haley said that he did not recognize the name, but suggested to Wilson that the correct name might be Lamarvin Rowan. Nine days later on June 19, 1990, Wilson received from Haley a photograph of the defendant and the defendant's police record. On June 29, 1990, Wilson showed the defendant's photograph to Drake and told him that he thought the person in the photograph was the one who had sold them the cocaine on June 1st; Drake agreed.

The defendant contends that this presentation of a single photograph to Officers Wilson and Drake for the purpose of obtaining an identification was unduly suggestive. We agree, finding that under the circumstances of this case, the officers' viewing was not merely confirmatory in nature (see, People v Brown, 191 AD2d 502; People v Waring, 183 AD2d 271). However, since Wilson and Drake had the opportunity to observe the defendant at close range, for a total of approximately four minutes, under good lighting conditions, we agree with the hearing court that they had an independent source for identifying him (see, People v Brown, supra; see also, People v Glover, 191 AD2d 582; People v Kirton, 160 AD2d 1026).

The defendant's contention that his guilt was not proven beyond a reasonable doubt is without merit. Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (see, CPL 470.15 [5]).

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Balletta and Joy, JJ., concur.