FOURTH DEPARTMENT, JULY, 1994

(July 15, 1994)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL WALLACE, Appellant. [615 NYS2d 194] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree with intent to sell and criminal possession of a controlled substance in the seventh degree. County Court properly denied defendant's request to instruct the jury on the defense of agency. Testimony by prosecution witnesses revealed that an undercover officer parked his vehicle in front of a targeted residence and sounded his horn twice. Defendant, who was standing in the street, approached the officer and asked, "What's up?" The officer stated that he needed help, that he was looking for a "dime". Defendant asked how many bags he wanted, thereby indicating that he understood the officer's statement. Defendant entered the residence and returned a short time later with a gray ziplock bag containing a substance later deter-

mined to be cocaine. The officer handed defendant $10 in exchange for the bag, and defendant walked toward the back of the residence and thereafter left the area. The money was not found on defendant when he was arrested a short time later. The evidence, viewed in the light most favorable to defendant, fails to support an inference that defendant was acting solely as an agent for the buyer, a complete stranger *(see, People v Herring,* 83 NY2d 780, 782-783). Further, the agency defense does not apply to the offense of criminal possession in the seventh degree *(see, People v Sierra,* 45 NY2d 56; *People v Goodnough,* 163 AD2d 834).

Defendant failed to raise a constitutional issue regarding the validity of prior felony convictions, and the court properly determined that defendant was a second felony offender without conducting a hearing. Moreover, defendant previously had been sentenced as a second felony offender. At the instant proceeding to determine his predicate felony status, defendant was estopped from challenging the predicate felony conviction that served as a basis for the earlier finding that he was a second felony offender *(see, People v Lopez,* 123 AD2d 360, 361, *lv denied* 68 NY2d 915). (Appeal from Judgment of Monroe County Court, Wiggins, Jr., J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, J. P., Balio, Lawton, Wesley and Boehm, JJ.