■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW QUINITCHETT, Appellant. [620 NYS2d 430] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered May 30, 1991, convicting him of criminal sale of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and sentencing him to three indeterminate terms of 25 years to life imprisonment for criminal sale of a controlled substance in the third degree (three counts), all to run consecutively, and two indeterminate terms of 25 years to life imprisonment for criminal possession of a controlled substance in the third degree (two counts), both to run concurrently with each other and with the terms imposed for his convictions of criminal sale of a controlled substance in the third degree.

The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by deleting the provision thereof which provides that the defendant's sentences for criminal sale of a controlled substance in the third degree are to run consecutively to each other and substituting therefor a provision providing that the sentences are to run concurrently with each other; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, we find that the hearing court did not err in denying suppression of the in-court identifications of the defendant by four of the undercover police officers who had acted as purchasers during the three sales in question. At the *Wade* hearing, the officers testified that each had observed the defendant for a few minutes at close range, and under very good lighting conditions. The record, therefore, supports the hearing court's determination that an independent source existed to support the officers' in-court identifications of the defendant *(see, United States v Wade,* 388 US 218; *see, e.g., People v Rowan,* 199 AD2d 546, 547; *People v Di Girolamo,* 197 AD2d 531, 532-533; *People v Brown,* 191 AD2d 502; *People v Ericsen,* 186 AD2d 219; *People v Benbow,* 180 AD2d 805).

The defendant's contention that he was deprived of a fair trial on the ground that the prosecutor exercised peremptory challenges in a racially discriminatory manner is unpreserved for appellate review *(see, People v Cruz,* 200 AD2d 581). In any event, even assuming that the defendant presented a prima facie case of discriminatory jury selection, the record supports the trial court's conclusion that the prosecutor articulated racially neutral reasons for excusing the two black prospective jurors in question *(see, Batson v Kentucky,* 476 US 79; *People v Kern,* 75 NY2d 638, *cert denied* 498 US 824; *People v Hernandez,* 75 NY2d 350, *affd* 500 US 352; *People v Okehoffurum,* 201 AD2d 508, 509).

The defendant's contention that the evidence was legally insufficient to establish his guilt is also unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict

of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Contrary to the defendant's contention, there is no evidence in the record which indicates that the defendant was punished for exercising his right to a jury trial *(see, People v Canute,* 190 AD2d 745; *People v Sherrod,* 181 AD2d 700; *People v Brown,* 157 AD2d 790, 792). Moreover, the sentencing court properly exercised its discretion in sentencing the defendant as a persistent felony offender *(see,* Penal Law § 70.10 [2]; CPL 400.20 [1] [b]). We find, however, that under all of the relevant circumstances, including the fact that the sentence imposed exceeded that recommended by the prosecutor, the sentence was excessive to the extent indicated *(see, e.g., People v Portilla,* 190 AD2d 827).

The defendant's remaining contentions, including those raised in his *pro se* supplemental brief, are either unpreserved for appellate review or without merit. Mangano, P. J., Thompson, Copertino and Hart, JJ., concur.