■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN E. CLAITT, Appellant. [636 NYS2d 247] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of sodomy in the first degree and two counts of sexual abuse in the fourth degree. Defendant was sentenced to concurrent terms of incarceration, the longest being $8^{1}/_{3}$ to 25 years.

We reject the contention of defendant that he was denied effective assistance of counsel by his assigned attorney's failure to move to dismiss the indictment pursuant to CPL 30.30, to move for a *Huntley* or *Wade* hearing, and to insist on compliance with his request for a bill of particulars. To succeed on such an argument, defendant must demonstrate the absence of a tactical explanation for counsel's alleged omissions *(see, People v Garcia,* 75 NY2d 973, 974; *People v Montana,* 71 NY2d 705). Upon our review of the record, we conclude that defendant has not met that burden.

Counsel could have concluded that a motion pursuant to CPL 30.30 would be unsuccessful because the People would be able to demonstrate due diligence in securing defendant's presence from another jurisdiction *(see,* CPL 30.30 [4] [e]). Counsel likewise could have concluded that a motion to suppress the

victim's identification of defendant would have failed because the victim could demonstrate an independent basis for her identification. In any event, at trial, defendant admitted to sexual contact with the victim but maintained that the activity was consensual. Consequently, identification was not an issue. Counsel apparently chose to use defendant's statements to the police, which tended to support the claim of consensual sexual activity, rather than to attempt to suppress them. Finally, although counsel should have insisted that the People comply with his demand for a bill of particulars, we cannot conclude that the failure to do so is tantamount to ineffective assistance (cf., People v Toporczyk, 178 AD2d 947). Although defendant did not receive error-free representation, he received meaningful representation (see, People v Trait, 139 AD2d 937, 938, lv denied 72 NY2d 867).

The prosecutor gave a specific, racially-neutral explanation for his exercise of a peremptory challenge against an African-American potential juror (see, People v Hernandez, 75 NY2d 350, 356-357, affd 500 US 352; People v Bennett, 206 AD2d 382, 383, lv denied 85 NY2d 859). Defendant failed to preserve for our review his contention that the court's reasonable doubt charge is erroneous (see, CPL 470.05 [2]). The charge is proper in any event (see, People v Antommarchi, 80 NY2d 247, 252, rearg denied 81 NY2d 759). Given the violent nature of the crimes of which defendant was convicted, we conclude that the sentence is neither unduly harsh nor severe (see, CPL 470.15 [6] [b]). (Appeal from Judgment of Supreme Court, Erie County, Dadd, J.—Sodomy, 1st Degree.) Present—Green, J. P., Lawton, Fallon, Doerr and Balio, JJ.