■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD SOUTH, Appellant. [649 NYS2d 553] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third and seventh degrees. We reject the contention that County Court should have granted defendant's motion for a mistrial on the ground that the prosecutor mentioned during voir dire that codefendant had pleaded guilty. Even assuming, arguendo, that the prosecutor's comment was improper, defendant was not prejudiced thereby because codefendant testified at trial that, in return for his testimony against defendant, he was permitted to plead guilty to a misdemeanor. Moreover, the only prospective juror who stated that he would have been influenced by codefendant's plea was excused for cause. Under the circumstances, defendant failed to show that the prosecutor's remark was so prejudicial as to deprive him of a fair trial (*see,* CPL 280.10 [1]; *People v Gonzalez,* 206 AD2d 946, 947, *lv denied* 84 NY2d 867; *People v Glahn,* 168 AD2d 905, 906, *lv denied* 77 NY2d 906).

Defendant further contends that the court erred in failing to instruct the jury that codefendant's plea could not be considered as evidence of defendant's guilt. Because defendant did not request that instruction and failed to object to the charge as given, the issue is unpreserved for our review (*see,* CPL 470.05 [2]; *People v Autry,* 75 NY2d 836, 839), and we decline to exercise our power to address it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

Also unpreserved for our review is the contention that the court should have instructed the jury that defendant could not be convicted upon the uncorroborated testimony of codefendant, an accomplice to the crime (*see,* CPL 60.22 [1]). Indeed, defendant waived that contention by specifically requesting that the court not charge the jury on corroboration. In any event, we note that codefendant's testimony was amply corroborated by the testimony of the police officer who purchased the drugs from defendant (*see, People v Navares,* 162 AD2d 422, 424, *lv denied* 76 NY2d 942).

We further conclude that the court properly denied defendant's request to instruct the jury regarding the agency defense. The record demonstrates that an undercover police officer approached a suspected drug house to purchase cocaine. The officer was met at the back door by defendant, who admonished him for approaching the house in a manner likely to draw attention from the police. Once inside, the officer asked defendant for cocaine, whereupon codefendant handed two baggies to defendant, who in turn handed them to the officer and accepted $40 in return. The officer spoke only with defendant. That evidence, viewed in the light most favorable to defendant, "fails to support an inference that defendant was acting solely as an agent for the buyer, a complete stranger (*see, People v Herring*, 83 NY2d 780, 782-783)" (*People v Wallace*, 206 AD2d 825, 826, *lv denied* 84 NY2d 834). Evidence that defendant may have been acting as a middleman in the drug transaction is insufficient to warrant a charge on the agency defense (*see, People v Herring, supra*, at 782; *People v Argibay*, 45 NY2d 45, 53, *rearg denied* 45 NY2d 839).

The court properly denied the motion of defendant to set aside the verdict on the ground that the People failed to disprove his alibi defense. Pursuant to CPL 330.30 (1), a trial court may set aside a guilty verdict on any ground that, if raised on appeal, would require reversal or modification as a matter of law. Whether the People failed to disprove his alibi defense is a question of fact, not law; thus, the court lacked authority to set aside the verdict on that ground (*see, People v Goodfriend*, 64 NY2d 695, 697).

Contrary to the contention of defendant, his arrest was supported by probable cause (*see,* CPL 140.10 [1] [b]). When taken into custody by the police two hours after the drug transaction, defendant was close to the location where the transaction took place and he matched the detailed description provided by the undercover officer. It was "at least more probable than not" that a crime had occurred and that defendant was the perpetrator (*People v Carrasquillo*, 54 NY2d 248, 254; *see, People v Hughes*, 227 AD2d 967).

Even assuming, arguendo, that the suppression court erred in determining that the photo array was not unduly suggestive, the court properly determined that the undercover officer had an independent basis for his in-court identification (*see, People v Rowan*, 199 AD2d 546, 547, *lv denied* 83 NY2d 810; *People v Dixon*, 158 AD2d 467, *lv denied* 76 NY2d 733). The officer observed defendant under good lighting conditions for at least four minutes during the drug transaction.

We have examined defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Oneida County Court, Burke, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Pine, Wesley, Balio and Davis, JJ.