■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES L. TAAM, SR., Appellant. [689 NYS2d 445] —Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered August 9, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him to concurrent terms of 1 to 3 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. We see no reason to disturb the jury's credibility determinations. The People properly established that the glassine envelopes sold and possessed by defendant contained heroin.

The court properly declared a mistrial based on *Batson* violations by the defense in the first trial of this case. Defendant failed to meet his burden of providing facially race-neutral reasons for his challenges to white prospective jurors, because his purported geographical reason was expressly linked to the race of the prospective jurors (*see, People v Payne*, 88 NY2d 172, 183). Further, the court sufficiently complied with the *Batson* protocols and properly determined that defendant's explanation for the challenges was pretextual. In any event, even if we were to find error in the court's declaration of a mistrial, followed by a trial as to which defendant raises no issues concerning voir dire, we would find no basis for ordering yet another trial, and would further find that defendant is not entitled to dismissal of the indictment, the only relief requested on appeal (*see, People v Chapman*, 185 AD2d 102, *lv denied* 81 NY2d 786).

The laboratory report relating to the drugs recovered from him was properly admitted as a business record (CPLR 4518; *People v Guidice*, 83 NY2d 630).

We have considered and rejected defendant's remaining contentions. Concur—Sullivan, J. P., Wallach, Lerner, Mazzarelli and Buckley, JJ.