■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD RIGGINS, Appellant. [707 NYS2d 918] —Judgment unanimously affirmed. Memorandum: The record supports County Court's conclusion that, although the photo array was unduly suggestive, the State Trooper had an independent basis for her in-court identification of defendant (*see, People v Nowlin*, 236 AD2d 886, *lv denied* 89 NY2d 1014; *People v South*, 233 AD2d 910, 911, *lv denied* 89 NY2d 989; *People v Rowan*, 199 AD2d 546, 547, *lv denied* 83 NY2d 810). The State Trooper purchased drugs from defendant, viewing him at close range for several minutes under good lighting conditions.

Defendant contends that the court erred in failing to afford him an opportunity to withdraw his plea before imposing an enhanced sentence (*see, People v Selikoff*, 35 NY2d 227, 241, *cert denied* 419 US 1122; *People v Williams*, 195 AD2d 1040, 1041; *People v Scrivens*, 175 AD2d 671, 672). That contention is unpreserved for our review (*see*, CPL 470.05 [2]; *People v Luksch*, 265 AD2d 895, *lv denied* 94 NY2d 825; *People v Hartford*, 217 AD2d 798, 800), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Monroe County Court, Connell, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pine, J. P., Hayes, Kehoe and Lawton, JJ.