■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANE ATKINS, Also Known as BALDWIN ATKINS, Appellant. [709 NYS2d 39] —Judgment, Supreme Court, Bronx County (John Stackhouse, J.), rendered March 21, 1997, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

A laboratory report relating to part of the drugs recovered from defendant was properly admitted as a business record (CPLR 4518; *People v Taam*, 260 AD2d 261, *lv denied* 93 NY2d 1046) after a proper foundation was established through the testimony of a chemist who did not personally test that portion of the drugs. "[D]efendant's constitutional right of confrontation was not abridged inasmuch as he had the opportunity to cross-examine the chemist-witness" (*People v Driscoll*, 251 AD2d 759, 760 [3d Dept], *lv denied* 92 NY2d 896; *accord, e.g.,*

*Sherman v Scott*, 62 F3d 136, 139-142 [and cases cited thereat], *cert denied* 516 US 1093). The chemist-witness, in addition to laying the standard foundation for receipt of the absent chemist's report as a business record, specifically testified that the absent chemist performed a battery of tests "just like" the tests performed by, and described at length, by the chemist-witness, who had tested the main portion of the drugs. Confrontation of the absent chemist would have had little or no utility, since the chemist-witness was subject to cross-examination as to all relevant matters concerning the reliability of the tests (*compare, People v Watkins*, 157 AD2d 301, 310-311), since there is nothing in the record to indicate that the tests varied from chemist to chemist, and since "[i]t is unlikely that a chemist would remember any particular piece of evidence [s]he tested." (*Minner v Kerby*, 30 F3d 1311, 1315.)

By failing to request further relief after objections were sustained, defendant has failed to preserve his current claims regarding various comments made by the prosecutor during voir dire and in summation and we decline to review them in the interest of justice. Were we to review them, we would find no pattern of inflammatory remarks or egregious conduct on the part of the prosecutor and no basis for reversal (*see, People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884).

The court's compromise *Sandoval* ruling, which precluded elicitation of the nature and facts of defendant's convictions, balanced the appropriate factors and was a proper exercise of discretion (*see, People v Walker*, 83 NY2d 455, 459). Concur—Williams, J. P., Tom, Mazzarelli, Rubin and Friedman, JJ.