■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARIEL BELTRAN, Also Known as KNOWLEDGE, Appellant. [722 NYS2d 853] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [2]) and reckless endangerment in the first degree (Penal Law § 120.25). The conviction stems from a shooting in a crowded Utica bar on October 23, 1995 that resulted in the death of an off-duty bouncer. Five eyewitnesses gave different accounts of the crime but identified defendant as the perpetrator. Four of those five eyewitnesses were shown a photo array that County Court subsequently found, following a *Wade* hearing, to be unduly suggestive.

Contrary to defendant's contention, the record of the *Wade* hearing supports the court's further determination that, although the photo array was impermissibly suggestive, the four eyewitnesses who viewed that array had an independent basis for their in-court identifications of defendant (*see, People v Riggins*, 272 AD2d 892, *lv denied* 95 NY2d 870). Although there are inconsistencies in the trial testimony of the eyewitnesses, those inconsistencies do not render their testimony incredible as a matter of law (*see, People v Drake*, 247 AD2d 855, 856, *lv denied* 92 NY2d 851). We thus conclude that the conviction is supported by legally sufficient evidence and that the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). "[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, who saw and heard the witnesses" (*People v Raife*, 250 AD2d 864, *lv denied* 92 NY2d 951). The contention of defendant that he was denied a fair trial by prosecutorial misconduct on summation is not preserved for our review (*see*, CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). Furthermore, contrary to defendant's contention, the court's *Sandoval* ruling, which permitted the People to ask defendant if he had a prior misdemeanor conviction but precluded them from asking him about the facts underlying that conviction, did not constitute an abuse of discretion (*see, People v Atkins*, 273 AD2d 11, 12). The sentence is not unduly harsh or severe, nor does it constitute cruel and inhuman punishment. (Appeal from Judgment of Oneida County Court, Donalty, J.—Murder, 2nd Degree.) Present—Hayes, J. P., Wisner, Scudder, Kehoe and Burns, JJ.