■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS DAVIS, Appellant. [764 NYS2d 184] —Judgment, Supreme

Court, Bronx County (Phylis Skloot Bamberger, J.), rendered April 28, 1999, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a persistent violent felony offender, to a term of 23 years to life, unanimously affirmed.

The court properly denied defendant's motion to suppress a lineup identification on the ground that it was the fruit of an allegedly unlawful arrest. The arresting officers responded to a police radio transmission that two men had just been arrested in possession of guns upon leaving a described minivan which then fled the scene, and that there could be more guns in the van. Minutes after receiving this broadcast, the officers saw a minivan meeting the description that was coming from the direction of the prior arrest. This van fled when the police attempted to pull it over and was stopped after a chase. Under these circumstances, the police had probable cause to believe that the occupants of the van were involved in a joint criminal enterprise with the men who had been previously arrested for gun possession and were acting in concert with those men. In order to establish probable cause, the People were not required to prove defendant's accessorial liability beyond a reasonable doubt (*see Brinegar v United States,* 338 US 160, 175 [1949]; *see also People v Hutson,* 270 AD2d 45 [2000], *lv denied* 95 NY2d 854 [2000]). In any event, the information that the police subsequently gathered linking defendant to the robbery, which fully justified the lineup, was entirely unrelated to the arrest and detention. Therefore, the lineup was fully attenuated from the arrest and detention (*see People v Rogers,* 52 NY2d 527 [1981], *cert denied* 454 US 898 [1981]; *People v Coste,* 272 AD2d 205, 206 [2000], *lv denied* 95 NY2d 933 [2000]; *People v Baily,* 216 AD2d 1, 2 [1995], *lv denied* 86 NY2d 790 [1995]). We note that the court expressly decided the attenuation issue (*see* CPL 470.05 [2]) and defendant was not deprived of an opportunity to litigate it (*compare People v Chavis,* 91 NY2d 500, 506 [1998]).

The court properly seated a juror over defendant's peremptory challenge. The court found a prima facie case of racial discrimination in defendant's peremptory challenges, in violation of *Batson v Kentucky* (476 US 79 [1986]). Defendant's purportedly race-neutral explanation as to the juror at issue expressed explicit concern over the racial makeup of the community in which the juror lived. The court properly found that this explanation was not race neutral (*see People v Taam,* 260 AD2d 261, 262 [1999], *lv denied* 93 NY2d 1046 [1999]; *People v Jenkins,* 221 AD2d 659 [1995], *lv denied* 87 NY2d 974 [1996]).

Defendant was not deprived of effective assistance when counsel waived defendant's right to testify before the grand jury, or when counsel failed to move to dismiss the indictment based on the alleged denial of defendant's right to testify. An attorney's failure to effectuate a defendant's right to testify before the grand jury, standing alone, does not constitute ineffective assistance of counsel (*see People v Wiggins,* 89 NY2d 872 [1996]). In any event, the court conducted an evidentiary hearing where counsel testified that defendant had instructed her to withdraw his request to testify, and the court credited this testimony. We find no reason to disturb this factual determination (*People v Prochilo,* 41 NY2d 759, 761 [1977]).

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Andrias, J.P., Saxe, Sullivan and Ellerin, JJ.