■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG BENTON, Appellant. [786 NYS2d 446]—

Judgment, Supreme Court, New York County (Charles J. Tejada, J., at hearing; Joan C. Sudolnik, J., at jury trial and sentence), rendered December 18, 2002, convicting defendant of assault in the first degree, robbery in the first degree, and burglary in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 15 years, unanimously affirmed.

The court properly denied defendant's suppression motion. There was no violation of *Payton v New York* (445 US 573 [1980]) because, as the court specifically found (*see* CPL 470.05 [2]; *People v Davis*, 308 AD2d 343 [2003], *lv denied* 1 NY3d 570 [2003]), the police simply knocked on defendant's door and defendant admitted them to his apartment. Furthermore, defendant then voluntarily agreed to leave his apartment and accompany the police to the station. There were no coercive circumstances suggesting that defendant was submitting to authority either when he let the police into the apartment or when he agreed to go with them (*see e.g. People v Davy*, 236

AD2d 308 [1997], *lv denied* 90 NY2d 892 [1997]; *compare Kaupp v Texas*, 538 US 626 [2003]).

The court properly denied defendant's unelaborated *Batson v Kentucky* (476 US 79 [1986]) application involving the People's peremptory challenges to two venirepersons. Defendant's unpersuasive and unsupported numerical argument failed to raise an inference of discrimination sufficient to establish a prima facie case (*see People v Smocum*, 99 NY2d 418, 421-422 [2003]; *People v Brown*, 97 NY2d 500, 507-508 [2002]). Concur—Nardelli, J.P., Mazzarelli, Andrias, Friedman and Gonzalez, JJ.