# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1390**

**KA 10-00799**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                    MEMORANDUM AND ORDER

EARL FAISON, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MARIA MALDONADO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered February 10, 2010. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]). Defendant made only a general motion for a trial order of dismissal and thus failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction (*see People v Gray*, 86 NY2d 10, 19). In any event, we conclude that defendant's contention lacks merit. According to the testimony of two eyewitnesses, they were standing outside a house when a vehicle driven by defendant slowed as it passed by them on the street. Defendant rolled the window down, looked around, and then drove off. Moments later, defendant made a U-turn and, as the vehicle passed by the eyewitnesses a second time, his codefendant shot multiple rounds from the passenger side of the vehicle. Thus, we conclude that there is a valid line of reasoning and permissible inferences to enable the jury to find that defendant shared his codefendant's intent and jointly possessed the weapon (*see People v Velasquez*, 44 AD3d 412, 412, *lv denied* 9 NY3d 1040; *see generally People v Bleakley*, 69 NY2d 490, 495). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant further contends that the in-court identification of

him by a prosecution witness was tainted by unduly suggestive circumstances, i.e., the fact that County Court asked him to stand during the in-court identification.  Even assuming, arguendo, that defendant's contention has merit, we conclude that any error is harmless (*see generally People v Aquino*, 191 AD2d 574, 574, *lv denied* 81 NY2d 1069).

We reject defendant's contention that he was denied effective assistance of counsel.  "There can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152, quoting *People v Stultz*, 2 NY3d 277, 287).  Contrary to defendant's contention, testimony regarding the location in which the police found the only projectile recovered from the scene would have been admissible over defense counsel's objection "as background material that completed the narrative of the episode" (*People v Strong*, 234 AD2d 990, 990, *lv denied* 89 NY2d 1016).  Also contrary to defendant's contention, expert testimony concerning the reliability of eyewitness identifications would have been inappropriate in this case because defendant was a person known to one of the eyewitnesses (*see People v Abney*, 13 NY3d 251, 268-269; *see also People v LeGrand*, 8 NY3d 449, 459).  We conclude that the record, viewed as a whole, demonstrates that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Defendant failed to preserve for our review his contention that the court at sentencing erroneously considered crimes of which he was not convicted, and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see generally People v Hirsh*, 106 AD3d 1546, 1548).  Finally, we conclude that the sentence is not unduly harsh or severe.

Entered:  January 3, 2014                    Frances E. Cafarell
                                             Clerk of the Court