# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**747**

**KA 10-01486**

PRESENT: SMITH, J.P., CENTRA, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

MEMORANDUM AND ORDER

LABRADFORD SMITH, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MARIA MALDONADO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered October 14, 2009. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We reject defendant's contention that he received ineffective assistance of counsel. Defense counsel's failure to request a *Wade* hearing did not constitute ineffective assistance inasmuch as "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152; *see People v Sebring*, 111 AD3d 1346, 1346-1347, *lv denied* 22 NY3d 1159; *People v Hughes*, 148 AD2d 1002, 1002, *lv denied* 74 NY2d 741, *reconsideration denied* 74 NY2d 848). Defense counsel's failure to object to alleged *Molineux* evidence and to request a limiting instruction "was a tactical decision" and did not constitute ineffective assistance (*People v Taylor*, 2 AD3d 1306, 1308, *lv denied* 2 NY3d 746). Inasmuch as one of the eyewitnesses knew defendant, defense counsel was not ineffective in failing to call an expert witness to testify about the reliability of eyewitness identifications (*see People v Faison*, 113 AD3d 1135, 1136; *see also People v Stanley*, 108 AD3d 1129, 1130-1131, *lv denied* 22 NY3d 959; *People v McDonald*, 79 AD3d 771, 772, *lv denied* 16 NY3d 861). Defense counsel's failure to request a missing witness charge did not constitute ineffective assistance of counsel. There was no indication that the witness would have provided noncumulative testimony favorable to the People (*see People v Hicks*, 110 AD3d 1488, 1489, *lv denied* 22

NY3d 1156; *People v Myers*, 87 AD3d 826, 828, *lv denied* 17 NY3d 954; *see generally People v Savinon*, 100 NY2d 192, 197).

Contrary to defendant's contention, the verdict is not against the weight of the evidence.  Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that "the jury was justified in finding the defendant guilty beyond a reasonable doubt" (*id.* at 348).  We further conclude that Supreme Court did not abuse its discretion in determining that defendant was ineligible for youthful offender status inasmuch as there were no "mitigating circumstances that bear directly upon the manner in which the crime was committed" (CPL 720.10 [3] [i]; *see People v Parker*, 67 AD3d 1405, 1406, *lv denied* 15 NY3d 755; *see also People v Pulvino*, 115 AD3d 1220, 1223).  Finally, the sentence is not unduly harsh or severe.

Entered:  June 20, 2014                          Frances E. Cafarell
                                                 Clerk of the Court