# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1153**
**KA 11-00966**
PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

DAVAN DARK, ALSO KNOWN AS MIKE,
DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF
COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael F.
Pietruszka, J.), rendered April 11, 2011. The appeal was held by this
Court by order entered March 15, 2013, decision was reserved and the
matter was remitted to Erie County Court for further proceedings (104
AD3d 1158). The proceedings were held and completed.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him
upon a nonjury verdict of criminal sale of a controlled substance in
the third degree (Penal Law § 220.39 [1]) and criminal possession of a
controlled substance in the third degree (§ 220.16 [1]). We
previously held the case, reserved decision and remitted the matter to
County Court to rule on defendant's request for a *Wade* hearing with
respect to the identification procedures referenced in the People's
CPL 710.30 notice (*People v Dark*, 104 AD3d 1158, 1159). Upon
remittal, the court concluded that defendant had withdrawn his request
for a *Wade* hearing, and defendant now contends that defense counsel
was ineffective for withdrawing that request. We reject that
contention.

An attorney's "failure to 'make a motion or argument that has
little or no chance of success' " does not amount to ineffective
assistance (*People v Caban*, 5 NY3d 143, 152, quoting *People v Stultz*,
2 NY3d 277, 287, *rearg denied* 3 NY3d 702). Here, two undercover
officers were involved in the purchase of narcotics from defendant on
February 4, 2010. Defendant was not arrested at that time, but he was
arrested for a different offense on March 3, 2010. One of the two
undercover officers involved in the February 4, 2010 transaction went
to the scene of defendant's March 3, 2010 arrest and, while at the

scene, that officer used binoculars to identify defendant, who was handcuffed in the back of a police vehicle less than 50 feet away. The People correctly concede that such identification was not merely confirmatory (*see People v Newball*, 76 NY2d 587, 592), but even assuming, arguendo, that defense counsel could have established suggestiveness of the identification procedure, we agree with the People that defense counsel could have concluded that there was an independent source for the identification of defendant by the subject undercover officer at trial (*see People v Claitt*, 222 AD2d 1038, 1038-1039, *lv denied* 88 NY2d 982; *see generally People v Chipp*, 75 NY2d 327, 335, *cert denied* 498 US 833). Specifically, during the February 4, 2010 transaction, the interaction between the subject undercover officer and defendant lasted for about 10 minutes, and the subject undercover officer was only 2½ feet away from defendant when the transaction occurred (*see People v Maryon*, 20 AD3d 911, 912, *lv denied* 5 NY3d 854; *Claitt*, 222 AD2d at 1038-1039; *see generally People v Bell*, 286 AD2d 940, 940-941, *lv denied* 97 NY2d 654; *People v Quinitchett*, 210 AD2d 438, 439, *lv denied* 85 NY2d 942; *People v Rowan*, 199 AD2d 546, 547, *lv denied* 83 NY2d 810; *People v Buchanon*, 186 AD2d 864, 866, *lv denied* 81 NY2d 785, *reconsideration denied* 81 NY2d 882). We therefore conclude that any attempt by defense counsel to suppress the identification of defendant by the subject undercover officer through a *Wade* hearing would have failed, and that defense counsel thus was not ineffective (*see Caban*, 5 NY3d at 152; *People v Smith*, 118 AD3d 1492, 1493). We have considered defendant's remaining contention and conclude that it is without merit.

Entered: November 14, 2014                    Frances E. Cafarell
                                              Clerk of the Court