Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered April 11, 2011. The appeal was held by this Court by order entered March 15, 2013, decision was reserved and the matter was remitted to Erie County Court for *1322 further proceedings (104 AD3d 1158). The proceedings were held and completed.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). We previously held the case, reserved decision and remitted the matter to County Court to rule on defendant’s request for a Wade hearing with respect to the identification procedures referenced in the People’s CPL 710.30 notice (People v Dark, 104 AD3d 1158, 1159 [2013]). Upon remittal, the court concluded that defendant had withdrawn his request for a Wade hearing, and defendant now contends that defense counsel was ineffective for withdrawing that request. We reject that contention.
An attorney’s “failure to ‘make a motion or argument that has little or no chance of success’ ” does not amount to ineffective assistance (People v Caban, 5 NY3d 143, 152 [2005], quoting People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]). Here, two undercover officers were involved in the purchase of narcotics from defendant on February 4, 2010. Defendant was not arrested at that time, but he was arrested for a different offense on March 3, 2010. One of the two undercover officers involved in the February 4, 2010 transaction went to the scene of defendant’s March 3, 2010 arrest and, while at the scene, that officer used binoculars to identify defendant, who was handcuffed in the back of a police vehicle less than 50 feet away. The People correctly concede that such identification was not merely confirmatory (see People v Newball, 76 NY2d 587, 592 [1990]), but even assuming, arguendo, that defense counsel could have established suggestiveness of the identification procedure, we agree with the People that defense counsel could have concluded that there was an independent source for the identification of defendant by the subject undercover officer at trial (see People v Claitt, 222 AD2d 1038, 1038-1039 [1995], lv denied 88 NY2d 982 [1996]; see generally People v Chipp, 75 NY2d 327, 335 [1990], cert denied 498 US 833 [1990]). Specifically, during the February 4, 2010 transaction, the interaction between the subject undercover officer and defendant lasted for about 10 minutes, and the subject undercover officer was only 2V2 feet away from defendant when the transaction occurred (see People v Maryon, 20 AD3d 911, 912 [2005], lv denied 5 NY3d 854 [2005]; Claitt, 222 AD2d at 1038- *1323 1039; see generally People v Bell, 286 AD2d 940, 940-941 [2001], lv denied 97 NY2d 654 [2001]; People v Quinitchett, 210 AD2d 438, 439 [1994], lv denied 85 NY2d 942 [1995]; People v Rowan, 199 AD2d 546, 547 [1993], lv denied 83 NY2d 810 [1994]; People v Buchanon, 186 AD2d 864, 866 [1992], lv denied 81 NY2d 785, reconsideration denied 81 NY2d 882 [1993]). We therefore conclude that any attempt by defense counsel to suppress the identification of defendant by the subject undercover officer through a Wade hearing would have failed, and that defense counsel thus was not ineffective (see Caban, 5 NY3d at 152; People v Smith, 118 AD3d 1492, 1493 [2014]). We have considered defendant’s remaining contention and conclude that it is without merit.
Present — Scudder, PJ., Fahey, Lindley and Valentino, JJ.