# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

30

KA 13-01960

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CARNI, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

NICHOLAS J. BOAZ, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (JULIE BENDER FISKE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered October 28, 2013. The judgment convicted defendant, after a nonjury trial, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of burglary in the second degree (Penal Law § 140.25 [2]). According to the evidence that the People presented at trial, defendant and an accomplice broke into a residence, stole various items, and fled when they discovered that one of the residents was in the home.

We reject defendant's contention that the evidence is legally insufficient to support the conviction because the testimony of his accomplice was not sufficiently corroborated. The accomplice's testimony was amply corroborated by, inter alia, the testimony of disinterested witnesses, defendant's own statement to the police, and physical evidence, as well as the testimony of a jailhouse informant (*see generally* CPL 60.22 [1]; *People v Reome*, 15 NY3d 188, 192-193; *People v Lipford*, 129 AD3d 1528, 1529). Viewing the evidence in light of the elements of the crime in this bench trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Finally, we reject defendant's contention that he was deprived of effective assistance of counsel (*see People v Rivera*, 71 NY2d 705, 709; *People v Kurkowski*, 117 AD3d 1442, 1443-1444; *People v Hughes*, 148 AD2d 1002, 1002, *lv denied* 74 NY2d 741, *reconsideration*

*denied* 74 NY2d 848).

Entered: March 18, 2016
Frances E. Cafarell
Clerk of the Court