People v Rosario (2019 NY Slip Op 01018)





People v Rosario


2019 NY Slip Op 01018


Decided on February 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, DEJOSEPH, AND CURRAN, JJ.


172 KA 17-00650

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ALEX ROSARIO, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SARA A. GOLDFARB OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Walter W. Hafner, Jr., A.J.), rendered February 29, 2016. The judgment convicted defendant, upon a jury verdict, of assault in the first degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of assault in the first degree (Penal Law
§ 120.10 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). We reject defendant's contention that he received ineffective assistance of counsel. Here, because the victim identified defendant at trial and testified that he knew defendant prior to the incident, defense counsel was not ineffective in failing to call an expert witness to testify about the reliability of eyewitness identifications (see People v Smith, 128 AD3d 1434, 1435 [4th Dept 2015], lv denied 26 NY3d 1011 [2015]; People v Smith, 118 AD3d 1492, 1493 [4th Dept 2014], lv denied 25 NY3d 953 [2015]; People v Faison, 113 AD3d 1135, 1136 [4th Dept 2014], lv denied 23 NY3d 1036 [2014]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Finally, the sentence is not unduly harsh or severe.
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court