People v Aroer (2019 NY Slip Op 03352)





People v Aroer


2019 NY Slip Op 03352


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-10612
 (Ind. No. 5661/15)

[*1]The People of the State of New York, respondent,
v
James Aroer, appellant.


Paul Skip Laisure, New York, NY (Nao Terai of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ruth E. Ross, and Julian Joiris of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cassandra Mullen, J.), rendered September 14, 2016, convicting him of burglary in the second degree as a sexually motivated felony and sexual abuse in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel by his attorney's failure to seek a Wade hearing (see United States v Wade, 388 US 218) challenging the admissibility of pretrial identification evidence, since "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to make a motion or argument that has little or no chance of success'" (People v Caban, 5 NY3d 143, 152, quoting People v Stultz, 2 NY3d 277, 287; see People v Dark, 122 AD3d 1321, 1322). Here, four days after she was attacked, the complainant spontaneously recognized the defendant on the street before notifying the police, so the identifications made a short while later when the police arrived were merely confirmatory (see People v Hernandez, 159 AD3d 580, 580; People v Benjamin, 2 AD3d 740, 741; People v Anderson, 260 AD2d 387, 388). Under the circumstances, defense counsel reasonably could have concluded that a Wade hearing would have been futile, and counsel's decision not to seek such a hearing did not deprive the defendant of meaningful representation (see People v Rotger, 129 AD3d 1330, 1332; People v Dark, 122 AD3d at 1323; see also People v Walker, 115 AD3d 889, 890). Moreover, viewing the record as a whole, the defendant was provided with meaningful representation (see People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 147).
The defendant's contention that certain testimony of the complainant's boyfriend constituted improper bolstering is unpreserved for appellate review (see CPL 470.05[2]; People v Garcia, 165 AD3d 976). In any event, the testimony was properly admitted (see People v Arroyo, 128 AD3d 843, 845; People v Jarvis, 127 AD3d 992, 992-993). Thus, counsel's failure to object does not constitute ineffective assistance of counsel (see People v Reed, 151 AD3d 1821). Further, the defendant waived his argument that certain testimony of the police officer who arrested him also constituted improper bolstering, as the defendant himself elicited the testimony (see People v Romero, 143 AD3d 1003, 1004).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
LEVENTHAL, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court