People v Conway (2023 NY Slip Op 50898(U))

[*1]

People v Conway (Patrick)

2023 NY Slip Op 50898(U)

Decided on August 17, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 17, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, GRETCHEN WALSH, JJ

2022-603 RO CR

The People of the State of New York, Respondent,
against
Patrick J. Conway, Appellant. 

Feerick Nugent MacCartney, PLLC (Robert C. Zitt and Donald Feerick of counsel), for appellant.
Rockland County District Attorney (Carrie A. Ciganek and Rebecca P. McGee of counsel), for respondent.

Appeal by defendant, as limited by the brief, from sentences of the Justice Court of the Town of Orangetown, Rockland County (Patrick J. Loftus, J.), imposed July 6, 2022, upon his convictions of driving while intoxicated (per se) and criminal mischief in the fourth degree, upon his pleas of guilty.

ORDERED that the sentences are modified, as a matter of discretion in the interest of justice, by reducing the sentences imposed to a term of three weeks' incarceration on each conviction, to run concurrently; as so modified, the sentences are affirmed.
In an accusatory instrument dated August 9, 2021, defendant was charged with driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]), driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), speeding (Vehicle and Traffic Law § 1180 [a]), making an unsafe lane change (Vehicle and Traffic Law § 1128 [a]), and leaving the scene of an incident without reporting (Vehicle and Traffic Law § 600 [1] [a]). In a separate accusatory instrument dated August 9, 2021, defendant was charged with criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). In a felony complaint dated August 16, 2021, defendant was charged with criminal mischief in the third degree (Penal Law § 145.05 [2]) and harassment in the second degree (Penal Law § 240.26 [1]). 
In December 2021, defendant, while represented by counsel, entered into a negotiated plea agreement pursuant to which the felony charge of criminal mischief in the third degree would be reduced to the misdemeanor charge of criminal mischief in the fourth degree (Penal Law § 145.00 [1]) and defendant would plead guilty to the charges of driving while intoxicated (per se) and criminal mischief in the fourth degree, both misdemeanors, in satisfaction of all of the charges. As part of that agreement, defendant was promised that, upon his successful completion of a Rockland County Misdemeanor Drug Court Program, he would be permitted to withdraw his guilty pleas and plead guilty to driving while ability impaired, a traffic infraction, and disorderly conduct, a violation, respectively, allowing him to maintain a record without a "crime" (Penal Law § 10.00 [6] [" 'Crime' means a misdemeanor or a felony"]). Defendant signed a stipulation which provided that, if he withdrew from the Misdemeanor Drug Court Program, he would be sentenced on the driving while intoxicated and criminal mischief charges to a term of up to a total of two years in the Rockland County Jail. After defendant tested positive for THC, the Misdemeanor Drug Court Program sanctioned him, resulting in his confinement in the Rockland County Jail for three weeks. 
Defendant subsequently withdrew from the Misdemeanor Drug Court Program. In July 2022, defendant was sentenced upon his convictions of driving while intoxicated (per se) and criminal mischief in the fourth degree to the maximum possible sentences on each charge, a one-year term of incarceration, the two sentences to run concurrently, plus a mandatory surcharge. Defendant's sentences were stayed pending this appeal. On appeal, defendant contends that the sentences are unduly harsh and excessive, as well as cruel and unusual under both the Eighth Amendment of the United States Constitution, and article I, section 5 of the New York Constitution.
"An intermediate appellate court has broad plenary power to modify a sentence that is unduly harsh or severe under the circumstances, even though the sentence may be within the permissible statutory range" (People v Delgado, 80 NY2d 780, 783 [1992]; see People v Morales, 189 AD3d 1464, 1467-1468 [2020]). Under the circumstances presented, we are of the opinion that the sentences imposed, which exceeded the People's recommendation, were excessive (see People v Quinitchett, 210 AD2d 438, 440 [1994]; People v Portilla, 190 AD2d 827, 828-829 [1993]). In light of the foregoing, we exercise our discretion to reduce defendant's sentences in the interest of justice.
Accordingly, the sentences are modified by reducing the sentences imposed to a term of three weeks' incarceration on each conviction, to run concurrently (see Penal Law § 70.30 [3] [a]).
GARGUILO, P.J., DRISCOLL and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 17, 2023