■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM DURAND, Appellant. [880 NYS2d 409]—

Appeal from a judgment of the Wayne County Court (Dennis M. Kehoe, J.), rendered May 16, 2006. The appeal was held by this Court by order entered December 21, 2007, decision was reserved and the matter was remitted to Wayne County Court for further proceedings (46 AD3d 1336 [2007]). The proceedings were held and completed.

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Wayne County Court for resentencing.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of three counts of criminal trespass in the third degree (Penal Law § 140.10 [a]) arising from his unlawful entry into a henhouse at the Wegmans Egg Farm. Defendant was acquitted of, inter alia, three counts of burglary in the third degree (§ 140.20). We previously held this case, reserved decision and remitted the matter to County Court on the ground that the court should have conducted a *Gomberg* hearing "with respect to the contention of defendant that he was denied effective assistance of counsel at the pretrial stage of the criminal proceeding prior to denying his motion seeking to dismiss the indictment on that ground" (*People v Durand*, 46 AD3d 1336, 1336-1337 [2007]). Defendant's former defense counsel (defense counsel) represented defendant and his codefendants prior to defendant's arraignment on the indictment. According to defendant, defense counsel obtained favorable plea bargains for the codefendants but conducted no plea negotiations on defendant's behalf and in fact advised defendant to testify before the grand jury, where he gave incriminating testimony that was used against him at trial.

Contrary to the contention of defendant in his supplemental brief, we conclude that the court properly determined upon remittal that there was no actual conflict with respect to the joint representation of defendant and the codefendants prior to

their arraignments on the indictment, i.e., that their defenses did not " 'run afoul of each other,' " and thus that dismissal of the indictment on that ground was not required (*People v Gomberg*, 38 NY2d 307, 312 [1975]). The record of the *Gomberg* hearing establishes that defense counsel in fact attempted to obtain a favorable plea bargain for defendant as well as his codefendants prior to the presentation of the matter to the grand jury and that the District Attorney declined to make defendant a plea offer at that time. The record of the hearing further establishes that the codefendants obtained different attorneys after their arraignments on the indictment and that they obtained their respective plea bargains while represented by those attorneys. Defense counsel testified at the hearing that the court had raised the issue of a potential conflict of interest at defendant's arraignment on the indictment and that, in order to maintain a harmonious relationship with the court, defense counsel agreed that each codefendant should have separate counsel.

We further conclude that the court properly determined that any potential conflict of interest did not affect the conduct of the defense (*see People v Harris*, 99 NY2d 202, 210 [2002]). The record of the hearing establishes that defense counsel advised defendant that his grand jury testimony may negate the element of intent on the burglary counts inasmuch as defendant would testify that his intent when entering the henhouse was to document the conditions and not to remove birds. Defense counsel also testified that he believed that defendant's grand jury testimony would benefit the codefendants as well. We note that the District Attorney testified at the hearing that, at the time he presented the matter to the grand jury, he believed that the element of intent with respect to the burglary charges might have been negated by defendant's grand jury testimony. Defense counsel further testified that he had advised defendant and the codefendants prior to the grand jury proceeding that he did not believe that there was a conflict of interest based upon his joint representation of them, but that they were each entitled to their own attorney. He also testified that defendant was adamant that he and his codefendants "were in this together" and that he did not want separate counsel. Indeed, defendant testified at the hearing that he chose to testify before the grand jury because he was the most eloquent of the three defendants and that he understood the strategy of advising the grand jury that his intent and that of the codefendants when entering the henhouse was humanitarian, not criminal. He further testified that he knew that his testimony could be used against him at trial. We thus conclude that the court properly denied defen-

dant's motion to dismiss the indictment based on the alleged ineffective assistance of counsel.

Finally, we agree with the contention of defendant in his main brief that the court erred in considering the counts of burglary in the third degree and petit larceny, of which defendant was acquitted, when imposing the sentences on the criminal trespass counts (*see People v Reeder*, 298 AD2d 468 [2002], *lv denied* 99 NY2d 538 [2002]; *see also People v Rogers*, 56 AD3d 1173, 1174 [2008]). Although defendant failed to preserve that contention for our review (*see People v Brown*, 38 AD3d 676, 677 [2007], *lv denied* 9 NY3d 840 [2007]), we nevertheless exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing. We have reviewed the remaining contentions of defendant in his main brief with respect to the sentence and conclude that they are without merit. Present—Scudder, P.J., Hurlbutt, Fahey and Green, JJ.