(May 17, 2013)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL S. HIRSH, Appellant. [965 NYS2d 266]—

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered November 29, 2011. The judgment convicted defendant, upon a jury verdict, of criminal possession of marihuana in the second degree, criminal possession of marihuana in the fourth degree and growing of the plant known as cannabis by unlicensed persons.

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence of incarceration imposed for criminal possession of marihuana in the second degree to a determinate term of 1¹/₂ years and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of marihuana in the second degree (Penal Law § 221.25), criminal possession of marihuana in the fourth degree (§ 221.15) and growing of the plant known as cannabis by unlicensed persons (Public Health Law § 3382). "By failing to move to dismiss the indictment within the five-day statutory period on the ground that he was denied his right to testify before the grand jury, defendant . . . waived his right to testify before the grand jury and his contention that the indictment should have been dismissed based on the denial of his right to testify before the grand jury lacks merit" (*People v Armstrong*, 94 AD3d 1552, 1552-1553 [2012], *lv denied* 19 NY3d 957 [2012]; *see generally People v Jordan*, 153 AD2d 263, 266-267 [1990], *lv denied* 75 NY2d 967 [1990]). Defendant's contention that County Court erred in denying his suppression motion without a hearing is also without merit (*see People v Carlton*, 26 AD3d 738, 738 [2006]; *see generally People v Jones*, 95 NY2d 721, 725 [2001]). We reject defendant's further contention that the court erred in admitting in evidence the marihuana leaves and stalks contained, respectively, in People's exhibits No. 3 and No. 4. That evidence was relevant to the charge of growing of the plant known as cannabis by unlicensed persons (Public Health Law § 3382), and its probative value outweighed the potential that it would unfairly prejudice defendant or mislead the jury with respect to the other counts of the indictment (*see generally People v Scarola*, 71 NY2d 769, 777 [1988]; *People v Alvino*, 71 NY2d 233, 241 [1987]). In any event, in conjunction with the admission of the evidence in question, the court instructed the jury that it "had nothing to do" with the counts of the indictment charging defendant with criminal possession of marihuana, and the jury is presumed to have followed that instruction (*see People v Thomas*, 96 AD3d 1670, 1672 [2012], *lv denied* 19 NY3d 1002 [2012]).

Contrary to defendant's contention, the evidence is legally sufficient to support the conviction of criminal possession of marihuana in the second degree (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Additionally, viewing the evidence in light of the elements of criminal possession of marihuana in the second degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict with respect to that crime is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495; *People v Rumph*, 93 AD3d 1346, 1347 [2012], *lv denied* 19 NY3d 967 [2012]; *People v Witherspoon*, 66 AD3d 1456, 1457 [2009], *lv denied* 13 NY3d 942 [2010]). Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we further conclude that defendant received meaningful representation (*see generally People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

Defendant contends that the court erred in considering information with respect to certain federal charges against him without assuring itself that such information was accurate (*see People v Baker*, 87 AD3d 1313, 1315 [2011], *lv denied* 18 NY3d 857 [2011]; *People v Durand*, 63 AD3d 1533, 1536 [2009]). Defendant failed to preserve that contention for our review (*see Durand*, 63 AD3d at 1536), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We agree with defendant that the sentence of incarceration of a determinate term of $2^{1}/_{2}$ years imposed for the criminal possession of marihuana in the second degree conviction is unduly harsh and severe. As a matter of discretion and in the interest of justice (*see* CPL 470.15 [6] [b]), we therefore modify the judgment on that basis by reducing the sentence of incarceration imposed for that conviction to a determinate term of $1^{1}/_{2}$ years. Present—Centra, J.P., Fahey, Carni, Whalen and Martoche, JJ.