# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

49

KA 12-00792

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, CARNI, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JAMAR MARTIN, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered October 25, 2010. The judgment convicted defendant, upon a jury verdict, of hindering prosecution in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of hindering prosecution in the second degree (Penal Law § 205.60). Viewing the evidence in light of the elements of that crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). "[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942 [internal quotation marks omitted]). Defendant's further contention that he was deprived of a fair trial by certain remarks made by the prosecutor on summation is not preserved for our review (*see* CPL 470.05 [2]) and, in any event, that contention lacks merit. "Reversal based on prosecutorial misconduct is 'mandated only when the conduct [complained of] has caused such substantial prejudice to the defendant that he has been denied due process of law[,]' and . . . defendant failed to establish that the prosecutor's alleged misconduct caused such prejudice" (*People v Jacobson*, 60 AD3d 1326, 1328, *lv denied* 12 NY3d 916). Also contrary to defendant's contention, he was not denied effective assistance of counsel based on defense counsel's failure to object to the prosecutor's remarks on summation "inasmuch as those comments did not constitute prosecutorial misconduct" (*People v Hill*, 82 AD3d 1715, 1716, *lv denied* 17 NY3d 806).

Defendant failed to preserve for our review his further contention that County Court erred in considering uncharged crimes at sentencing, and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see generally People v Hirsh*, 106 AD3d 1546, 1548; *cf. People v Durand*, 63 AD3d 1533, 1536).  Finally, the sentence is not unduly harsh or severe.

Entered:  February 7, 2014                    Frances E. Cafarell
                                              Clerk of the Court