# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**865**

**KA 10-00305**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

               V                                       MEMORANDUM AND ORDER

TERRENCE ODUMS, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MARIA MALDONADO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered February 3, 2010. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]). Defendant contends that the verdict is against the weight of the evidence because the testimony of a prosecution witness was incredible and inconsistent with prior statements he made to the police. We reject that contention. "Where, as here, witness credibility is of paramount importance to the determination of guilt or innocence, the appellate court must give '[g]reat deference . . . [to the] fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor' " (*People v Harris*, 15 AD3d 966, 967, *lv denied* 4 NY3d 831, quoting *People v Bleakley*, 69 NY2d 490, 495). Indeed, a jury is able to "assess [the] credibility and reliability [of the witnesses] in a manner that is far superior to that of reviewing judges[,] who must rely on the printed record" (*People v Lane*, 7 NY3d 888, 890). Here, the "[i]ssues of identification and credibility, including the weight to be given to inconsistencies in testimony, were properly considered by the jury[,] and there is no basis for disturbing its determinations" (*People v Williams*, 17 AD3d 203, 204, *lv denied* 4 NY3d 892; *see People v McMillon*, 77 AD3d 1375, 1376, *lv denied* 16 NY3d 897; *see generally Bleakley*, 69 NY2d at 495). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we thus conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We reject the contention of defendant that County Court deprived him of the right to present a defense by restricting the scope of the testimony of a police witness on redirect examination. "The extent of redirect examination is, for the most part, governed by the sound discretion of the trial court" (*People v Melendez*, 55 NY2d 445, 451; *see People v Massie*, 2 NY3d 179, 183), and there is no evidence that the court abused its discretion in this case (*see People v Taylor*, 231 AD2d 945, 946, *lv denied* 89 NY2d 930).

We reject the further contention of defendant that he was deprived of a fair trial based upon comments made by the prosecutor during her summation. We conclude that the prosecutor's comments at issue were "a fair response to defense counsel's summation and did not exceed the bounds of legitimate advocacy" (*People v Melendez*, 11 AD3d 983, 984, *lv denied* 4 NY3d 888). We also note that, "although the prosecutor improperly commented on facts not in evidence, the court sustained defendant's objection to those improper comments and any prejudicial effect therefore was dispelled" (*People v Davis*, 38 AD3d 1170, 1172, *lv denied* 9 NY3d 842, *cert denied* 552 US 1065).

We also reject defendant's contention that he was punished for exercising his right to a jury trial. " '[T]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial . . . , and there is no indication in the record before us that the sentencing court acted in a vindictive manner based on defendant's exercise of the right to a trial' " (*People v Stubinger*, 87 AD3d 1316, 1317, *lv denied* 18 NY3d 862), or that the court " 'placed undue weight upon defendant's ill-advised decision to reject [a] favorable plea bargain and proceed to trial' " (*People v Smith*, 21 AD3d 1277, 1278, *lv denied* 7 NY3d 763). Defendant failed to preserve for our review his contention that "the court at sentencing erroneously considered crimes of which he was not convicted," and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*People v Faison*, 113 AD3d 1135, 1136-1137, *lv denied* ___ NY3d ___ [July 24, 2014]; *see generally People v Hirsh*, 106 AD3d 1546, 1548, *lv denied* 22 NY3d 1088). Finally, we conclude that the sentence is not unduly harsh or severe.

Entered:  October 3, 2014                    Frances E. Cafarell
                                             Clerk of the Court