Michael HIRSH, Petitioner,

v.

B. McARDLE, Superintendent; and Department of Corrections and Community Supervision, Respondents.

No. 9:13–CV–0600 (DNH).

United States District Court,
N.D. New York.

Signed Feb. 26, 2015.

Michael Hirsh, Baldwinsville, NY, Petitioner, pro se.

Eric T. Schneiderman, New York State Attorney General, New York, NY, Michelle E. Maerov, Esq., Ass't Attorney General, Attorneys for Respondent.

## DECISION and ORDER

DAVID N. HURD, District Judge.

## I. INTRODUCTION

Petitioner Michael Hirsh filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging a judgment from Oswego County Court, convicting him, upon a jury verdict, of one count each of criminal possession of marihuana in the second degree (N.Y. Penal Law ("Penal Law") § 221.25), criminal possession of marihuana in the fourth degree (Penal Law § 221.15), and unlicensed growing of cannabis (N.Y. Pub. Health Law § 3382). Dkt. No. 1, Petition

("Pet."). Respondent filed a response to the petition and pertinent records from the state court proceedings. Dkt. No. 10–1, Respondents' Memorandum of Law in Opposition to the Petition for a Writ of Habeas Corpus ("R. Mem."); Dkt. No. 11, State Court Records. Petitioner filed a reply and records from the state court in support of his claims. Dkt. No. 18, Reply; Dkt. No. 18–1, Petitioner's Records.

## II. BACKGROUND

### A. Pretrial Matters and Trial

The following background information is derived from the records provided by the parties. Petitioner was charged by a three-count indictment with criminal possession of marihuana in the second degree, criminal possession of marijuana in the fourth degree, and unlicensed growing of cannabis. Dkt. No. 11–19 at 5, Transcript of Arraignment; *see id.* at 68, Trial Transcript.[1] The charges arose when a New York State Trooper responded to a domestic violence call in the Town of Palermo. The complainant, Joy Runge, stated that petitioner, the father of her child, broke a window, entered her home without permission, pushed her into a fan and to the ground, and physically threatened her. Dkt. No. 18–1 at 7–9, Supporting Deposition of Trooper Peter Lazarek; Dkt. No. 18–1 at 94–95, Supporting Deposition of Joy Runge. Trooper Lazarek then went to petitioner's residence as provided by the complainant, and observed numerous marihuana plants outside the residence and through a window of the residence. Dkt. No. 18–1 at 94. Law enforcement obtained a search warrant and secured the

---

1. All of the transcripts of proceedings before the state courts were docketed together as a single entry. For the sake of simplicity, citations to the transcripts and any other exhibits lacking consecutive pagination are made to the page numbers in the upper right corner of the pages, as generated by the CM/ECF electronic filing system. Citation to petitioner's exhibits, which were docketed together as well, are also to the pagination generated by CM/ECF.

evidence observed. Petitioner was subsequently indicted, and, at arraignment before counsel was assigned, asked the Court why he had not been notified of the grand jury presentation. Dkt. No. 11–19 at 7. Notice was apparently sent to the address where marijuana was discovered, but petitioner claimed that he lived in Baldwinsville, New York and was unaware of any scheduled court appearances or grand jury proceedings. *Id.* at 7–10. The prosecutor asserted that he took "all steps" to attempt to provide petitioner notice by sending the notice to the address on the police report. *Id.* at 9. At the next court appearance, assigned counsel noted that "there might be a problem with the Grand Jury" and requested motion dates. Dkt. No. 11–19 at 23, 25, Transcript of Appearance, April 21, 2011.

As is relevant here, in his omnibus motion, petitioner requested "a hearing to determine whether the warrant was properly issued and whether the police overstepped their bounds in seizing" certain items not enumerated in the warrant, including a rifle and fireworks. Dkt. No. 18–1 at 55, Omnibus Motion. The Court denied that aspect of the omnibus motion without a hearing. *See* Dkt. No. 11–19 at 49, Transcript of Appearance, August 1, 2011.[2] Petitioner declined a plea offer, and trial commenced on November 14, 2011. Dkt. No. 11–19 at 65, Trial Transcript.

The People's first witness, Trooper Lazarek, testified that on August 18, 2010, he responded to an address in Palermo, New York, for a report of a domestic dispute. Dkt. No. 11–19 at 244. There, the female occupant provided information regarding petitioner, and Trooper Lazarek respond-

ed to 215 County Route 18 in Palermo to attempt to locate him. *Id.* at 245. Upon arriving at that residence, Trooper Lazarek knocked on the door but received no response. *Id.* at 250. He walked around to the back of the house to see whether any people or vehicles were behind the house, but saw neither. *Id.* He heard a noise coming from the rear of the house, looked into a window where he saw a fan running, and observed "numerous marijuana plants" inside that room. *Id.* at 250. Trooper Lazarek could also smell marijuana and observed marijuana plants outside the residence "in various locations," some in pots and others in the ground. Dkt. No. 11–19 at 250–252. He estimated that the closest plants to the house were about 15 yards south of the residence. *Id.* at 252. Trooper Lazarek called in his findings to an investigator, and other officers responded to the scene. *Id.* at 265. Trooper Lazarek stated that he did not have a warrant when he first went to petitioner's residence. *Id.* at 268.

Trooper John Evans, an investigator with the Community Narcotics Enforcement Team, responded to the residence, and he and other officers entered the residence after a search warrant was obtained. *Id.* at 289–290, 292–294. Evans observed marijuana plants hanging to dry in a closet and, in a bedroom, marijuana plants were growing under "grow lights." *Id.* at 295–296. In another bedroom, Evans observed larger marijuana plants. Dkt. No. 11–19 at 297. Investigators collected the marijuana found inside and outside the residence, packaged the substances and transported them to the Southern Tier Crime Laboratory for analysis. *Id.* at 313, 317, 326.

---

**2.** A copy of the Court's written decision, referenced at the August 1, 2011 appearance, was not provided in connection with this petition. Based upon the transcript of that appearance, the state court also denied, as untimely, peti-

tioner's motion to dismiss the indictment on the ground that he was not afforded an opportunity to testify before the grand jury. *Id.* at 49–50.

In August 2010, petitioner was renting the property from Gregory Stupp. He moved out around the time that he was arrested. *Id.* at 369–370. Petitioner's "wife or girlfriend" also initially lived with petitioner, but she moved out of the property "months before" petitioner moved out. *Id.* at 370–371.

Julie Romano, a forensic scientist with the New York State Police Southern Tier Regional Crime Laboratory, tested the plants and determined that they were marijuana. Dkt. No. 11–19 at 378, 387. Prior to testing, Romano ensured that the packaging was sealed and removed the substance from its packaging. *Id.* at 385. Using a calibrated scale, she determined that one package of marijuana found at the scene weighed 82 grams, or just under 3 ounces, and marijuana contained in another package—a box holding the substance "loose"—weighed 783 grams, or approximately 27 ounces. Dkt. No. 11–19 at 388, 390–392. After completing her examination, she sealed the evidence and returned it to the vault from which it had been taken for analysis. *Id.* at 388, 392.

On cross examination of Romano, counsel requested on multiple occasions to "open the box" to "see what's inside," and then added that he wanted to "weigh it" with a scale he brought from home. *Id.* at 398, 399–401, 405. The Court stated counsel could open the box, but denied the request to weigh it because an expert witness and a calibrated scale was necessary for that purpose. *Id.* at 400, 404, 405. The prosecutor did not object to simply opening the box, but ultimately, counsel did not do so. Counsel expressed frustration with the Court's ruling and noted that he brought a scale and was "trying to save money for the taxpayers" in not retaining an expert witness. *Id.* at 401. Counsel also cross-examined Romano regarding handwritten numerical markings on the box, which did not match Romano's deter-

mination of the weight of the marijuana and which she did not write. *Id.* at 394–396, 399–400, 401–403. Romano reiterated that she tested and weighed the substance that was inside the box. Dkt. No. 11–19 at 404.

Petitioner did not call any witnesses at trial, but stipulated that he did not possess a license to grow marijuana. Dkt. No. 11–19 at 288–289, 421. On summation, counsel focused on the box of marijuana and attempted to cast doubt on its weight and contents. *Id.* at 428 ("I want you to consider this. You haven't seen the contents. I don't have to open up a box. I don't have to show you anything. You have not seen the contents of this box."); 429 ("Is this the marijuana from this case? Is this the marijuana from another case? ... No one opened it, no one weighed it here in your presence ... I would ask you to consider that.").

On November 15, 2011, the jury returned a guilty verdict on all three counts. Dkt. No. 11–19 at 421, 472–473. The Court sentenced petitioner to a determinate term of two-and-a-half years imprisonment and one year postrelease supervision on the second degree criminal possession of marijuana count, and concurrent one-year definite terms on the fourth-degree criminal possession of marihuana charge and the growing cannabis without a license charge. Dkt. No. 11–19 at 494, Sentencing Transcript.

### B. Post–Trial Matters

#### 1. First Motion to Vacate

In August 2012, petitioner filed a motion to vacate the judgment of conviction pursuant to New York Criminal Procedural Law ("CPL") § 440.10. Dkt. No. 11–1, Affidavit and Memorandum of Law in Support of CPL § 440.10 Motion. Petitioner contended that: (1) trial counsel was ineffective in failing to investigate the propri-

ety of Trooper Lazarek's actions and the legality of the search warrant issued in relation to petitioner's residence; and (2) police unlawfully entered onto his property without a warrant, despite posted "no trespassing" signs. *Id.* at 9–14. Petitioner attached an affidavit from Stupp, the property owner, in which Stupp asserted, among other things, that the property was "posted" and that the windows of the residence were "too high to see into" from outside. Dkt. No. 11–1 at 16, Affidavit. The prosecution opposed petitioner's motion and urged the Court to deny the motion pursuant to CPL § 440.10(2)(b) because petitioner was "in the process of perfecting" a direct appeal and could raise those issues in the appeal. Dkt. No. 11–2, People's Response in Opposition to CPL § 440.10 Motion, at 2–3.

In a decision and order dated September 28, 2012, the Oswego County Court denied petitioner's motion pursuant to CPL § 440.30(4)(b).[3] Dkt. No. 11–4, Decision and Order, September 28, 2012. As a preliminary matter, the Court noted that "[t]he issue of the propriety of Trooper Lazarek's act of walking around [petitioner's] home was never raised by" counsel in his omnibus motion. *Id.* at 4. Counsel "only requested th[e] [c]ourt to review a search warrant application, which was made after Trooper Lazarek made his observations, to determine if the warrant was issued upon probable cause." *Id.* The Court also concluded that petitioner's contentions "regarding counsel's effectiveness appear to be largely, if not entirely, off the record." *Id.* at 5. Nonetheless, the Court reasoned that petitioner's motion failed to contain any allegation that petitioner "informed [counsel] that his home was posted," did not detail the manner in which it

was posted, and did not specify whether the driveway was posted. *Id.* at 5.

The Court noted that, in any event, such signs did not prohibit law enforcement from entering upon the property for "a legitimate purpose." *Id.* Petitioner sought leave to appeal the denial of his motion, pursuant to CPL § 460.15, and that application was denied on April 10, 2013. Dkt. No. 11–5, Notice of Application and Affidavit in Support; Dkt. No. 11–8, Order of the Appellate Division, Fourth Department.

### 2. Direct Appeal

Petitioner appealed his conviction, asserting, in a counseled brief dated November 14, 2012, that: (1) he was denied his right to testify before the grand jury; (2) summary denial of his suppression motion was improper because issues of fact existed; (3) the trial court improperly permitted the admission of "uncharged marijuana"; (4) the evidence was not legally sufficient; (5) the conviction was against the weight of the evidence; (6) trial counsel rendered ineffective assistance; (7) when imposing sentence, the trial court improperly considered prior charges that had been dismissed; and (8) the sentence was harsh and excessive. Dkt. No. 11–11, Appellate Brief, at 27–58.

In a memorandum entered May 17, 2013, The Appellate Division, Fourth Department reduced in the interest of justice petitioner's sentence on the second degree criminal possession of marihuana count to a determinate term of one and one half, and otherwise affirmed the judgment of conviction. *People v. Hirsh*, 106 A.D.3d 1546, 1548, 965 N.Y.S.2d 266 (4th Dep't 2013). The Appellate Division concluded that petitioner waived his right to testify

---

**3.** Penal Law § 440.30(4)(b) provides that a court may deny a motion to vacate a judgment, without a hearing, where "[t]he motion is based upon the existence or occurrence of facts and the moving papers do not contain sworn allegations substantiating or tending to substantiate all the essential facts, as required by subdivision one."

before the grand jury by failing to move to dismiss the indictment within the statutory period, and that his contention that the trial court improperly considered dismissed charges in imposing sentence was not preserved for review. *Id.* at 1547, 1548, 965 N.Y.S.2d 266. The Appellate Division found petitioner's other contentions, including his legal sufficiency and ineffective assistance claims, to be lacking in merit. *Id.* at 1547–1548, 965 N.Y.S.2d 266. Petitioner sought leave to appeal, and that application was denied. *People v. Hirsh*, 22 N.Y.3d 1088, 981 N.Y.S.2d 674 (2014).

### 3. Second Motion to Vacate

On March 14, 2013, while still awaiting a decision on his direct appeal, petitioner filed a second § 440.10 motion. Petitioner contended that: (1) his Fourth Amendment rights were violated because Trooper Lazarek lacked any basis to enter onto petitioner's property, and that the search warrant was the product of this illegal search; (2) counsel was ineffective because, although included in his demand for discovery, he never received the statement provided by Joy Runge, which constituted *Brady* material and served as the basis for law enforcement going to petitioner's residence; and (3) he was initially arraigned without counsel. Dkt. No. 11–16, Affidavit in Support of Motion to Vacate Judgment, March 14, 2013, at 3–10. The People opposed petitioner's motion, and attached as an exhibit a copy of Runge's statement and correspondence indicating that the statement was provided to counsel on November 12, 2011, the week before trial commenced. Dkt. No. 11–17, Affirmation in Opposition to CPL § 440.10 Motion, at 5–7.

In a decision and order dated May 20, 2013, the Court denied petitioner's motion. Dkt. No. 11–18, Decision and Order on Motions to Vacate Judgment of Conviction. The Court concluded that petitioner's contentions regarding the propriety of the police conduct and ineffective assistance of counsel could have been raised on direct appeal, and denied those claims pursuant to CPL § 440.10(2)(b).[4] *Id.* at 5. The Court further reasoned that, inasmuch as the prosecution had provided Runge's statement prior to trial, his contention in that regard was without merit. *Id.* Finally, the Court concluded that, in any event, petitioner should have included his "new allegations of ineffective assistance of counsel" in his first § 440.10 motion, and that denial of his claims was also warranted pursuant to CPL § 440.10(3)(c). *Id.* Petitioner did not seek leave to appeal the denial of the motion.

## III. THE PETITION

Petitioner raises the following grounds for habeas relief: (1) his conviction resulted from an unconstitutional search and seizure; (2) counsel was ineffective because: (a) he failed to secure petitioner's right to testify before the grand jury; (b) he failed to file a proper suppression motion; and (c) he failed to hire an expert to weigh the marihuana at issue; (3) he was denied his right to testify before the grand jury; (4) marihuana admitted at trial was secured in a cardboard box and the jury did not see it; and (5) a written statement to the police was not turned over to petitioner until three days before trial. Pet. at 5–8. For the reasons that follow, the petition will be dismissed.

---

**4.** CPL § 440.10(2)(b) provides in pertinent part that a court may deny a motion to vacate a judgment when "[t]he judgment is, at the time of the motion, appealable or pending on appeal, and sufficient facts appear on the record with respect to the ground or issue raised upon the motion to permit adequate review thereof upon such an appeal."

## IV. DISCUSSION

### A. Ground One: Search and Seizure Claim

In Ground One of his petition, petitioner contends that his conviction was the result of an unconstitutional search and seizure because Trooper Lazarek improperly stepped onto his property and observed marijuana inside through a window without a warrant. Pet. at 5; Reply at 5–9. For the reasons that follow, this claim is not cognizable.

■ It is well settled that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 481, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976); *accord Graham v. Costello*, 299 F.3d 129, 133–34 (2d Cir.2002); *Grey v. Hoke*, 933 F.2d 117, 121 (2d Cir.1991); *Gates v. Henderson*, 568 F.2d 830, 837 (2d Cir.1977) (en banc). The state is required to provide the petitioner only with the "opportunity" to litigate a Fourth Amendment claim. *McPhail v. Warden, Attica Corr. Facility*, 707 F.2d 67, 69–70 (2d Cir.1983). Review of a Fourth Amendment claim is therefore available only if the state failed to provide any "corrective procedures" by which the claim could be litigated, or if the petitioner was unable to avail himself of the state's procedures "because of an unconscionable breakdown in the underlying process." *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir.1992) (citing *Gates*, 568 F.2d at 840 and *McPhail*, 707 F.2d at 70).

■ The Second Circuit has recognized that New York law provides adequate corrective procedures for redressing Fourth Amendment claims. *See e.g. Capellan*, 975 F.2d at 70, n. 1. Petitioner utilized New York's available procedures by seeking, in his omnibus motion, a hearing to determine whether the search warrant for petitioner's residence was properly issued. Dkt. No. 18–1 at 55. Petitioner challenged the denial of his suppression motion without a hearing in his counseled brief on direct appeal. Dkt. No. 11–11 at 32–34. That contention was denied on the merits. *Hirsh*, 106 A.D.3d at 1547, 965 N.Y.S.2d 266. Petitioner also asserted that police officers acted unlawfully with regard to entering on his property prior to the issuance of the search warrant in both his first and second CPL § 440.10 motions. Dkt. No. 11–1 at 9–14; Dkt. No. 11–16 at 3–7.

Petitioner has not asserted that he was "precluded from utilizing" the state's corrective procedures "by reason of an unconscionable breakdown in that process," and, in light of his efforts to advance these claims, no basis for such an assertion can be discerned in the record. *Gates*, 568 F.2d at 840. "[A] mere disagreement with the outcome of a state court ruling is not the equivalent of an unconscionable breakdown in the state's corrective process." *Capellan*, 975 F.2d at 72.

Petitioner appears to argue in his reply that he did not receive a "full and fair" opportunity to challenge law enforcement's actions because his attorney was ineffective in failing to specifically allege, in his suppression motion, that Trooper Lazarek acted improperly when he walked around petitioner's residence, before the issuance of the warrant. Reply at 5–6. Whether petitioner received ineffective assistance in this regard "does not affect the application of *Stone* to [his] Fourth Amendment claims." *Kindred v. Colvin*, No. 9:13–CV–1011 (LEK/ATB), 2014 WL 5662858, at *9 (N.D.N.Y. Nov. 4, 2014) (collecting cases); *see e.g. Parker v. Ercole*, 582 F.Supp.2d 273, 287 (N.D.N.Y.2008) (holding that ineffective assistance of counsel does not con-

stitute an unconscionable breakdown); *Shaw v. Scully,* 654 F.Supp. 859, 865 (S.D.N.Y.1987) ("[C]ourts within this circuit have refused to equate ineffective assistance of counsel with unconscionable breakdown."). In sum, Ground One of the petition is barred and will therefore be denied and dismissed.

**B. Ground Three: Right to Testify Before the Grand Jury**

Petitioner asserts, in Ground Three of his petition,[5] that he was precluded from testifying before the grand jury because he did not receive adequate notice of the presentation. Pet. at 6. This claim is not cognizable on federal habeas review and, in any event, any error related to the grand jury proceedings were cured upon petitioner's conviction by a petit jury.

■ Claims of alleged deficiencies in state grand jury proceedings are not cognizable on federal habeas corpus review. *Lopez v. Riley,* 865 F.2d 30, 32–33 (2d Cir.1989); *accord Davis · v. Mantello,* 42 Fed.Appx. 488, 490–91 (2d Cir.2002) (summary order) ("Claims of deficiencies in the state grand jury proceedings are not cognizable in a habeas corpus proceeding in federal court."). Such errors underlying state convictions do not warrant federal habeas relief because the Fifth Amendment right to a grand jury indictment "has not been incorporated against the states through the Fourteenth Amendment." *LanFranco v. Murray,* 313 F.3d 112, 118 (2d Cir.2002); *see Fields v. Soloff,* 920 F.2d 1114, 1118 (2d Cir.1990) (citing *Hurtado v. California,* 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232 (1884)). Moreover, "it is well established that defendants have no constitutional right to appear before a grand jury." *United States v. Ruiz,* 894 F.2d 501, 505 (2d Cir.1990). These principles bar petitioner's claim that he was deprived of his right to appear before the grand jury, which, in New York State, is a purely statutory right. *Bailey v. Sheahan,* No. 6:13–CV–6438, 2014 WL 2895448, at *2 (W.D.N.Y. June 26, 2014) (citing *Velez v. People of State of N.Y.,* 941 F.Supp. 300, 315 (E.D.N.Y.1996)); *Blond v. Graham,* No. 9:12–CV–1849 (JKS), 2014 WL 2558932, at *9 (N.D.N.Y. June 6, 2014); *see* CPL § 190.50.

■ Additionally, even if petitioner's right to appear before the grand jury was violated, any error was rendered harmless when he was convicted following a jury trial. *Lopez,* 865 F.2d at 32 (" '[T]he petit jury's subsequent guilty verdict means not only that there was probable cause to believe that the defendants were guilty as charged, but also that they are in fact guilty as charged beyond a reasonable doubt. Measured by the petit jury's verdict, then, any error in the grand jury proceeding ... was harmless beyond a reasonable doubt.' ") (quoting *United States v. Mechanik,* 475 U.S. 66, 70, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986)); *Perez v. Lempke,* No. 1:10–CV–0303, 2011 WL 2746785, at *3 (W.D.N.Y. July 13, 2011) ("Because Petitioner was convicted after a jury trial at which the prosecution proved his guilt beyond a reasonable doubt, any error with regard to his right to testify at the grand jury proceeding was rendered harmless."). Here, petitioner was convicted on all three counts, and thus any error regarding his right to testify at the grand jury was harmless. Petitioner's claim will be denied and dismissed.

**C. Ground Five: Disclosure of Witness Statement**

In Ground Five of his petition, petitioner asserts that "[t]he original statement made to the police" by Joy Runge was not provided by the prosecution to counsel until

---

**5.** For ease of discussion, petitioner's claims are addressed out of order.

three days before trial commenced, and that this was prejudicial because it prevented petitioner from calling Runge as a witness. Pet. at 7; Reply at 18–19. Respondent contends that this claim is not cognizable. R. Mem. at 21–22.

■ Claims of alleged *Rosario* violations "are state law claims, not founded on either the federal constitution or federal laws, which are not cognizable in a federal habeas proceeding." *Avery v. Graham,* No. 9:12–CV–1347 (JKS), 2014 WL 2986910, at *10 (N.D.N.Y. July 2, 2014) (citing *Young v. McGinnis,* 411 F.Supp.2d 278, 329 (E.D.N.Y.2006)); *Taylor v. Connelly,* 18 F.Supp.3d 242, 259 (E.D.N.Y. 2014); *Artis v. Rock,* No. 9:12–CV–0814 (JKS), 2014 WL 1584089, at *11 (N.D.N.Y. April 21, 2014); *Chrysler v. Guiney,* 14 F.Supp.3d 418, 448, n. 17 (S.D.N.Y.2014).[6] Petitioner asserts that disclosure of Runge's statement three days before trial was "harmful," but does not contend that any federal constitutional right has been violated. Petitioner also does not explain how he was prevented from calling Runge as a witness on his behalf. His claim is not cognizable on federal habeas review and will therefore be denied and dismissed.

### D. Ground Four: Sufficiency of the Evidence

Petitioner appears to claim, in Ground Four of the petition, that the evidence against him with regard to the second degree criminal possession of marihuana charge was legally insufficient because "[t]he marijuana was in a box unable to be seen" and was never weighed. Pet. at 6; Reply at 15–17. Petitioner asserted on

direct appeal that the evidence was legally insufficient for the same reasons, and the Appellate Division disagreed, concluding that the evidence was "legally sufficient to support the conviction of criminal possession of marihuana in the second degree." *Hirsh,* 106 A.D.3d at 1548, 965 N.Y.S.2d 266 (citing *People v. Bleakley,* 69 N.Y.2d 490, 495, 515 N.Y.S.2d 761, 508 N.E.2d 672 (1987)). The state court's decision, entitled to deference under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent, nor was it based on an unreasonable determination of the facts in light of the evidence presented.

■ A federal court may grant habeas corpus relief with respect to a claim adjudicated on the merits in state court only if, based upon the record before the state court, the state court's decision: (1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. §§ 2254(d)(1), (2); *Cullen v. Pinholster,* 563 U.S. 170, 131 S.Ct. 1388, 1398, 1400, 179 L.Ed.2d 557 (2011); *Premo v. Moore,* 562 U.S. 115, 120–22, 131 S.Ct. 733, 739, 178 L.Ed.2d 649 (2011); *Schriro v. Landrigan,* 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007). This standard is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt." *Felkner v. Jackson,* 562 U.S. 594, 131 S.Ct. 1305, 1307, 179 L.Ed.2d

---

**6.** New York law requires prosecutors to provide a criminal defendant with pretrial statements of any witness who will be called to testify on behalf of the prosecution. *See* CPL § 240.45(1)(a); *People v. Rosario,* 9 N.Y.2d 286, 289, 213 N.Y.S.2d 448, 173 N.E.2d 881

(1961). It is worth noting both that petitioner does not dispute that the statement at issue was turned over prior to the prosecution's opening statement as required by statute, CPL § 240.45(1)(a), and that the People did not call Runge as a witness in any event.

374 (2011) (per curiam) (quoting *Renico v. Lett*, 559 U.S. 766, 773, 130 S.Ct. 1855, 176 L.Ed.2d 678 (2010) (internal quotation marks omitted)).

■ The Supreme Court has repeatedly explained that "a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that 'there is no possibility fairminded jurists could disagree that the state court's decision conflicts with th[e Supreme] Court's precedents.'" *Nevada v. Jackson*, — U.S. —, 133 S.Ct. 1990, 1992, 186 L.Ed.2d 62 (2013) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 102, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011)); *see Metrish v. Lancaster*, — U.S. —, 133 S.Ct. 1781, 1787, 185 L.Ed.2d 988 (2013) (explaining that success in a habeas case premised on § 2254(d)(1) requires the petitioner to "show that the challenged state-court ruling rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'") (quoting *Richter*, 131 S.Ct. at 786–787).

■ Additionally, AEDPA foreclosed "'using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts.'" *Parker v. Matthews*, — U.S. —, 132 S.Ct. 2148, 2149, 183 L.Ed.2d 32 (2012) (per curiam) (quoting *Renico*, 559 U.S. at 779, 130 S.Ct. 1855). A state court's findings are not unreasonable under § 2254(d)(2) simply because a federal habeas court reviewing the claim in the first instance would have reached a different conclusion. *Wood v. Allen*, 558 U.S. 290, 301, 130 S.Ct. 841, 175 L.Ed.2d 738 (2010). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro*, 550 U.S. at 473, 127 S.Ct. 1933. Federal habeas courts must presume that the state court's

factual findings are correct unless a petitioner rebuts that presumption with "'clear and convincing evidence.'" *Schriro*, 550 U.S. at 473–74, 127 S.Ct. 1933 (quoting § 2254(e)(1)).

■ Claims that evidence to support a conviction was legally insufficient "face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference." *Coleman v. Johnson*, — U.S. —, 132 S.Ct. 2060, 2062, 182 L.Ed.2d 978 (2012) (per curiam). On direct appeal, deference is owed to the jury's verdict, and, on habeas review, a federal district court may overturn a state court decision rejecting such a claim "only if the state court decision was objectively unreasonable." *Id.* (quoting *Cavazos v. Smith*, 565 U.S. 1, —, 132 S.Ct. 2, 4, 181 L.Ed.2d 311 (2011) (per curiam) (internal quotation marks omitted)); *Renico*, 559 U.S. at 773, 130 S.Ct. 1855. A petitioner is entitled to relief on this basis only if it is found "that upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Cavazos*, 132 S.Ct. at 4. "When considering the sufficiency of the evidence of a state conviction, '[a] federal court must look to state law to determine the elements of the crime.'" *Ponnapula v. Spitzer*, 297 F.3d 172, 179 (2d Cir.2002) (quoting *Quartararo v. Hanslmaier*, 186 F.3d 91, 97 (2d Cir.1999)). The reviewing court is required to consider the evidence in the light most favorable to the prosecution, and draw all inferences in its favor. *Jackson*, 443 U.S. at 319, 99 S.Ct. 2781; *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 811 (2d Cir.2000).

■ To convict petitioner of criminal possession of marihuana in the second degree, the prosecution was required to prove that petitioner "knowingly and un-

lawfully possesse[d] one or more preparations, compounds, mixtures or substances containing marihuana" which was "of an aggregate weight of more than sixteen ounces." Penal Law § 221.25. Here, the evidence established that petitioner rented the residence at issue as of August 2010 and moved out around the time he was arrested. Dkt. No. 11–19 at 370. New York State Police officers discovered numerous marijuana plants in various stages of growth outside and inside the residence, and collected and packaged the substances for analysis. *Id.* at 244–52, 265, 289–94, 295–97, 313, 317. Romano, a forensic scientist, removed the substances from their sealed packaging, determined that the substances were in fact marijuana and that one package weighed approximately 27 ounces and another weighed slightly under 3 ounces. *Id.* at 378, 385–392. She then sealed the evidence again and returned them to the vault from which she had retrieved them. *Id.* at 388, 392. Despite counsel's effort to raise questions regarding the weight of the content inside the closed box, the verdict reveals that the jury credited the witness's testimony regarding its identity and weight. The jury's credibility determinations cannot now be reassessed. *See Peters v. Poole*, No. 1:03–CV–2919, 2013 WL 6048994, at *7 (E.D.N.Y. Nov. 13, 2013) (citing *U.S. v. Dozier*, 492 Fed.Appx. 205, 206 (2d Cir. 2012) (summary order)).

In sum, a rational jury could have found "the essential elements of the crime[s] beyond a reasonable doubt." *Jackson*, 443 U.S. at 319, 99 S.Ct. 2781; *see Cavazos*, 132 S.Ct. at 7–8. The Appellate Division did not act contrary to, or unreasonably apply, Supreme Court precedent in rejecting petitioner's sufficiency claim. Ground Four of the petition will be denied and dismissed.

### E. Ground Two: Ineffective Assistance of Counsel

In Ground Two of his petition, petitioner contends that trial counsel was ineffective because counsel: (1) did not make a timely motion to dismiss the indictment based on the violation of petitioner's right to testify before the grand jury; (2) failed to "file a proper motion for suppression of marijuana that was found without a warrant"; and (3) did not hire an expert witness to weigh the marijuana. Pet. at 5. For the following reasons, petitioner's claim will be denied and dismissed.

To demonstrate constitutionally ineffective assistance of counsel, a petitioner "must show both deficient performance by counsel and prejudice." *Premo v. Moore*, 562 U.S. 115, 121, 131 S.Ct. 733, 739, 178 L.Ed.2d 649 (2011) (internal quotation marks omitted); *see Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A petitioner must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance … [and] that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955)). Even if a petitioner can establish that counsel was deficient, he still must show that he suffered prejudice. *Id.* at 693–94, 104 S.Ct. 2052. "Taken together, the deference due to the state court on a § 2254 motion and the deference due to counsel create a 'doubly' deferential standard: 'The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.'" *Lopez v. Ercole*, 588 Fed. Appx. 39, 40–41 (2d Cir.2014) (summary order) (quoting *Richter*, 131 S.Ct. at 788); *accord Burt v. Titlow*, — U.S. ——, 134 S.Ct. 10, 13, 187 L.Ed.2d 348 (2013).

### 1. Right to Testify Before the Grand Jury

██ With regard to petitioner's first argument, as noted above, petitioner did not testify before the grand jury, but he was subsequently convicted on all counts by a petit jury. Violation of the right to appear before the grand jury, a creature of state statute, is not a cognizable basis for habeas review. Moreover, any error was cured by the petit jury's later guilty verdict. For both of these reasons, petitioner is also not entitled to habeas relief on his claim that counsel was ineffective for failing to secure his right to testify before the grand jury. *Blond,* 2014 WL 2558932, at *9 (concluding that petitioner's claim that counsel was ineffective for "ignoring his request to testify before the grand jury" was not cognizable on federal habeas review, and collecting cases); *accord Webb v. LaClair,* 1:10–CV–7603, 2014 WL 4953559, at *17 (S.D.N.Y. Sep. 30, 2014) (concluding that, even if construed as a Sixth Amendment claim, petitioner's argument that he was deprived · of right to testify in the grand jury was without merit because "there is no federally-cognizable ineffective assistance claim concerning advice regarding the state grand jury process" and petitioner could not, in any event, demonstrate prejudice) (internal quotation marks omitted); *Jaramillo v. Artus,* No. 9:12–CV–1657 (JKS), 2014 WL 2986926, at *12 (N.D.N.Y. July 2, 2014) ("[Petitioner's] claim that his counsel impermissibly waived his state right to testify before a grand jury is not cognizable on federal habeas review."); *Turner v. Fischer,* No. 1:01–CV–3251, 2003 WL 22284177, at *6 (E.D.N.Y. Aug. 20, 2003) (rejecting petitioner's claim of ineffective assistance due to counsel's waiver of right to testify before grand jury because "[a]ny prejudice suffered by petitioner was rendered harmless by his conviction at trial by the petit jury, which assessed his guilt under a heightened standard of proof."); *Bingham v. Duncan,* 7:01–CV–1371, 2003 WL 21360084, at *4 (S.D.N.Y. June 12, 2003) ("Given that any defect in the grand jury proceeding was cured by petitioner's subsequent conviction ... it necessarily follows as a matter of law that petitioner cannot establish that any errors made by his trial counsel with respect to the grand jury proceeding prejudiced him, thereby foreclosing the possibility of a Six Amendment violation.") (internal quotation marks omitted); *Velez,* 941 F.Supp. at 315 ("Petitioner's assertion of a defective grand jury proceeding in the state court, albeit within the confines of an ineffective assistance of counsel claim, is not cognizable on federal habeas corpus."). This portion of petitioner's claim will therefore be denied and dismissed.

### 2. Motion to Suppress

Petitioner next argues that counsel failed to "file a proper motion for suppression of marijuana that was found without a warrant." Pet. at 5; *see* Reply at 11–12. In his omnibus motion, counsel requested "a hearing to determine whether the warrant was properly issued and whether the police overstepped their bounds in seizing" certain items not listed in the warrant, including a rifle and fireworks. Dkt. No. 18–1 at 55, Omnibus Motion. The motion was summarily denied. On appeal, the Appellative Division rejected petitioner's claim that there were issues of fact requiring a hearing. *Hirsh,* 106 A.D.3d at 1547, 965 N.Y.S.2d 266. Petitioner also asserted that trial counsel was ineffective, but did not claim that counsel erred in the form or content of his omnibus motion. *See* Dkt. No. 11–11 at 44–51.

Petitioner also filed two motions to vacate the judgment, both prior· to the issuance of the Appellate Division's decision. In the first CPL § 440.10 motion, petitioner contended in relevant part that counsel

was ineffective in failing to investigate the propriety of Trooper Lazarek's actions and the legality of the search warrant issued in relation to petitioner's residence, because counsel would have discovered that the property was posted with "no trespassing" signs. Dkt. No. 11–1 at 10. In its decision, the Court noted that, in his omnibus motion, counsel "never raised" the issue of "the propriety of Trooper Lazarek's act of walking around the [petitioner's] home[.]" Dkt. No. 11–4 at 4. The Court denied petitioner's CPL § 440.30(4)(b) motion, concluding that although petitioner's allegations concerned matters off the record, petitioner failed to allege that he "informed [counsel] that his home was posted," did not detail the manner in which it was posted, and did not specify whether the driveway was posted. *Id.* at 5. Petitioner sought leave to appeal the denial of his motion, pursuant to CPL § 460.15, and that application was denied. Dkt. No. 11–5, Notice of Application and Affidavit in Support; Dkt. No. 11–8, Order of the Appellate Division, Fourth Department.[7]

Construing his petition liberally, petitioner arguably raised this ineffective assistance claim in the first motion to vacate the judgment of conviction. That claim was denied pursuant to CPL § 440.30(4)(b). "District courts are divided as to whether denial of [a] § 440.10 motion under § 440.30(4)(b) also constitutes a determination on the merits." *Carpenter v. Unger,* No. 9:12–CV–0957 (GTS/TWD), 2014 WL 4105398, at *34 (N.D.N.Y. Aug. 20, 2014) (collecting cases); *compare White v. Rock,* No. 2:10–CV–5163, 2013 WL 1767784, at *31–32 (E.D.N.Y. April 22, 2013) (finding denial of

motion under § 440.30(4)(b) to be determination on the merits and applying AEDPA standard in considering prosecutorial misconduct claim); *Giraldo v. Bradt,* No. 11–CV–2001, 2012 WL 3835112, at *8–9 (E.D.N.Y. Sept. 5, 2012) (finding denial pursuant to § 440.30(4)(b) to be determination on the merits); *with Williams v. McGinnis,* No. 1:04–CV–1005, 2006 WL 1317041, at *10 (E.D.N.Y. May 15, 2006) (holding that denial under § 440.30(4)(b) constituted a decision based on a "state procedural default" foreclosing the claim from consideration on habeas review).

In addressing this issue, courts in the Northern District of New York have concluded that denial pursuant to CPL § 440.30(4)(b) constitutes a decision on the merits. *See e.g. Parker v. Smith,* 858 F.Supp.2d 229, 236 (N.D.N.Y.2012) (concluding that § 440.30(4)(b) constituted a decision on the merits with regard to petitioner's *Brady* claim and that "AEDPA's deferential standard of review applies."); *Williams v. Duncan,* No. 9:03–CV–0568 (LEK/RFT), 2007 WL 2177075, at *14 (N.D.N.Y. July 27, 2007) (holding that because "section 440.30(4) applies, by its own terms, only when a trial court denies a motion to vacate '[u]pon considering the merits,' . . . a denial pursuant to CPL § 440.30(4) is a decision on the merits[.]"). Therefore, the merits of petitioner's claim that counsel was ineffective will now be reviewed to the extent that counsel failed to obtain suppression of the evidence observed by Trooper Lazarek when he entered petitioner's property.

▮ As the state court found, petitioner failed to factually substantiate his claim

---

**7.** In his second motion to vacate the judgment, filed while his appeal was still pending, petitioner asserted that his Fourth Amendment rights were violated because Trooper Lazarek lacked any basis to enter onto the curtilage of his property after receiving no answer at petitioner's front door. Dkt. No.

11–16 at 3–7. Petitioner did not frame his claim as one asserting that counsel rendered ineffective assistance. The Court denied petitioner's motion pursuant to CPL § 440.10(2)(b), noting that petitioner could raise those issues in his pending appeal. Dkt. No. 11–18 at 5.

that counsel was ineffective with regard to investigating the circumstances of Trooper Lazarek's actions upon arriving at the residence and in seeking suppression of the marijuana he observed. Petitioner's papers asserted, in essence, that "no trespassing" signs were posted at the residence, for that reason law enforcement officers were prohibited from entering onto his property, and that a motion to suppress the marijuana would have been granted on that basis. Dkt. No. 11–1 at 9–11. Neither petitioner's affidavit nor Stupp's affidavit addressed the manner or location in which the property was posted. Notably, petitioner did not assert that he informed counsel that his property was posted with "no trespassing" signs or that he conveyed to counsel any other information regarding the property.

In light of the conclusory allegations before it, it cannot be said that the state court's rejection of petitioner's ineffective assistance claim based upon insufficient substantiation was contrary to, or an unreasonable application of, clearly established Supreme Court precedent. 28 U.S.C. §§ 2254(d)(1), (2); *Pinholster*, 131 S.Ct. at 1398, 1400. Accordingly, petitioner's contention that counsel was ineffective with regard to the suppression motion will be denied and dismissed.

### 3. Failure to Hire an Expert

Finally, petitioner contends that counsel was also ineffective to the extent that he failed to secure the testimony of an expert regarding the weight of the marijuana in evidence. Pet. at 5; Reply at 10–11. The Appellate Division rejected this claim on petitioner's appeal. Dkt. No. 11–11 at 55; *Hirsh*, 106 A.D.3d at 1548, 965 N.Y.S.2d 266. For the following reasons, petitioner's claim will be denied and dismissed.

As discussed above, to establish constitutionally ineffective assistance of counsel, it is incumbent upon a petitioner to demonstrate both deficient performance by counsel and resulting prejudice. *Premo*, 131 S.Ct. at 739; *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. The decision " 'whether to call specific witnesses—even ones that might offer exculpatory evidence—is ordinarily not viewed as a lapse in professional representation.' " *United States v. Best*, 219 F.3d 192, 201 (2d Cir.2000) (citing *United States v. Smith*, 198 F.3d 377, 386 (2d Cir.1999) ("The decision whether to call any witnesses on behalf of a defendant, and if so which witnesses to call, is a tactical decision of the sort engaged in by defense counsel in almost every trial.")); *Linnen v. Poole*, 766 F.Supp.2d 427, 459 (W.D.N.Y.2011) ("In general, whether or not to hire an expert is the type of strategic choice by counsel that may not be second-guessed on habeas corpus review.") (internal quotation marks omitted).

Here, petitioner's assertion that retaining an expert "may have shown that there was a problem with the weight of the marijuana," Reply at 11, is entirely speculative. Counsel's decision not to retain an expert was a strategic choice, and the state court's conclusion that counsel was not ineffective in this regard will not be second guessed. The record demonstrates that counsel vigorously cross-examined Romano with regard to her methodology in testing and weighing the marijuana, as well as the unidentified numbers written on the box by someone other than Romano. Dkt. No. 11–19 at 398–405. Although counsel's request to weigh the closed box of marijuana himself was denied, he highlighted these issues in his summation to cast doubt upon the weight and contents of the box. *Id.* at 428 ("I want you to consider this. You haven't seen the contents. I don't have to open up a box. I don't have to show you anything. You have not seen the contents of this box"); 429 ("Is this the marijuana from this case? . . . No one opened it, no

one weighed it here in your presence ... I would ask you to consider that.").

The Appellate Division's denial of this portion of petitioner's ineffective assistance of counsel claim was neither contrary to nor an unreasonable application of Supreme Court precedent, nor was it based on an unreasonable determination of the facts in light of the evidence presented. Petitioner's claim will therefore be denied and dismissed.

## V. CONCLUSION

Therefore, it is

ORDERED that

1. The petition, Dkt. No. 1, is **DENIED AND DISMISSED** in its entirety;

2. No Certificate of Appealability ("COA") shall issue because petitioner failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires;[8] and

3. The Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

---

8. *Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *see Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that if a court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation" (emphasis in original)).